Leonard C. ESTES et al., Respondents,

v.

NATIONAL ZINC COMPANY, INC., and the State Insurance Fund, Petitioners.

No. 49230.

Supreme Court of Oklahoma.

Jan. 25, 1977.

As Amended Feb. 1, 1977.

---

John Estes, Stipe, Gossett, Stipe & Harper, Oklahoma City, for respondent Leonard C. Estes.

Jack Crews, Best, Sharp, Thomas & Glass, Tulsa, for respondent Ins. Co. of North America.

Sam Hill and Fred Nicholas, Jr., Oklahoma City, for petitioners.

DAVISON, Justice:

This case involves an original action seeking review of a modified order of the State Industrial Court awarding compensation to Leonard C. Estes for a permanent partial disability which the Industrial Court found was the result of an accidental injury which occurred on the 15th day of January, 1975, arising out of claimant's employment by National Zinc Company, Inc. Petitioners, National Zinc Company, and the State Insurance Fund, National Zinc's compensation insurance carrier, on January 15, 1975, appealed from the order of the Industrial Court, alleging that the order of the Industrial Court should be vacated for the following reasons:

1. The finding of the State Industrial Court that claimant Estes sustained an accidental injury is not supported by the evidence.

2. Claimant's action is barred by the statute of limitations because claimant was aware that his condition existed for several years prior to his bringing of the action, and was also aware for several that his disability was related to his work environment.

3. The order of the State Industrial Court was not supported by competent medical evidence because claimant's physician failed to relate claimant's disability to the accidental injury, which allegedly took place on January 15, 1975.

Claimant Estes' claim for compensation, set forth on the Industrial Court's Form 3, claimed that Mr. Estes was suffering from pulmonary fibrosis caused by inhalation and

contact with dust, smoke, fumes, and vapors from zinc, cabmium, lead, iron and other metals, coal, cellar gas, natural gas, sulphuric acid, and other harmful substnces. The Form 3 also alleged, "Date of last injurious exposure/accident January 15, 1975." In spite of the Form's reference to a last injurious exposure, the claim was tried as if based on an accidental injury rather than an occupational disease.

Before the claim was tried, the State Insurance Fund filed a motion to interplead the Insurance Company of North America, former insurance carrier of National Zinc. In the motion, the State Insurance Fund alleged that since Mr. Estes' condition existed several years prior to August 1, 1974, the date on which the Fund began providing coverage to National Zinc, the claim should be treated as one based upon an occupational disease, and that the former insurer, Insurance Company of North America, should be liable for at least some of the compensation to which the claimant may be entitled. The order of the State Industrial Court did not apportion the compensation liability between the Fund and the Insurance Company of North America—the State Insurance Fund argues that it was error not to have apportioned the award. Since we are reversing the Court's action on other grounds, it is not necessary to consider the appropriateness of the apportionment suggested by the State Insurance Fund.

At the conclusion of the proceedings, the Industrial Court entered an order finding:

"That Claimant sustained accidental personal injury daily including on or about the 15th day of January, 1975, from exposure to excessive heat and temperature changes, dusty air, noxious and poisonous fumes, foul and filthy air. That said daily injury and daily exposure occurred over a period of eight (8) years immediately preceding the date of trial, and that said exposure caused injury and disability to Claimant's lungs and respiratory system, resulting in, and in aggravation and acceleration of pulmonary emphysema and pulmonary fibrosis. In the alternative, said injury and exposure was the causal factor in creating pulmonary emphysema and pulmonary fibrosis."

The Court also found, among other things, that the affirmative defense of Statute of Limitations was not supported by the evidence or by law. We take exception with the Court's latter finding.

Even assuming that the Court's finding that an accidental injury had occurred was correct, such injury, if present, would have been barred by the Statute of Limitations. Claimant Estes admitted at trial that his respiratory difficulties began in 1968 or 1969, several years before he initiated his claim in the State Industrial Court. The claimant further admitted that at the time his respiratory difficulties began, it was his opinion that his difficulty was related to his work environment at National Zinc.

Additionally, claimant's physician testified that, based on claimant's history, his condition was more likely a disease that culminated over a long period of time, very likely getting progressively worse since 1968 or 1969.

Recently, in *Munsingwear Inc. and The Travelers Insurance Company v. Tullis,* Okl., 557 P.2d 899 (1976), we held that under the circumstances of a cumulative effect accident, the accidental injury which accompanies the accident, occurs (1) at the time of claimant's awareness, or discovery, of a "defect" or "ill effect" caused to the claimant; and (2) at the time of his awareness that the effect is causally connected with his job. Also see *Stillwater Floral Company v. Murray,* Okl., 380 P.2d 694 (1963) and *Southwest Factories, Inc. v. Eaton,* Okl., 453 P.2d 1021 (1969).

In the present case, the record shows that for more than a year prior to the date claimant filed his claim, he knew that his working conditions had a detrimental effect upon his respiratory system. Accordingly, we hold that if an accidental injury occurred, it occurred more than one year prior to the initiation of the claim in the Industrial Court, and the claim based upon an accidental injury is therefore barred by the

Statute of Limitations set forth at 85 O.S. 1971 § 43.

Although claimant's action for an accidental injury is barred by the Statute of Limitations, his action for compensation due to a occupational disease is not. The facts in the record before us are such that the claim should have been considered as one for compensation due to a occupational disease. We therefore vacate the order of the Industrial Court and remand the case to that court for further consideration and proceedings, not inconsistent with this opinion.

Finding the issues above dispositive of the case, we find it unnecessary to discuss other issues raised.

REVERSED AND REMANDED WITH DIRECTIONS.

LAVENDER, V. C. J., and WILLIAMS, BERRY, SIMMS and DOOLIN, JJ., concur.