**Bob BODINE, Petitioner,**

v.

**CRANE CARRIER, Respondent.**

No. 68813.

Supreme Court of Oklahoma.

May 24, 1988.

BRYCE ANTHONY HILL, Tulsa, for appellant.

PAUL McGIVERN, Jr., Tulsa, for appellee.

## MEMORANDUM OPINION

LAVENDER, Justice.

Claimant, Bob Bodine, filed a claim for workers' compensation for injuries resulting in hearing loss alleged to have arisen from exposure to noise in the course of his employment with Crane Carrier. The claim was filed on April 29, 1986. Claimant continued to be employed by Crane Carrier through the trial of the matter on November 10, 1986. Employer Crane Carrier raised a statute of limitations defense. During the course of the trial claimant testified that he had noticed his hearing loss six or seven years prior to trial and had attributed it to his employment at that time. Claimant also testified that he had been told about his hearing loss and counseled to do something about it by a nurse at Crane Carrier. The trial court found that on the basis of this testimony the claim had been barred by the statute of limitations. This ruling was upheld by the workers' compensation court en banc. Claimant has brought this proceeding seeking review of the denial of his claim.

Claimant asserts two arguments on review. First, that under the "awareness doctrine" the statute of limitations did not begin to run when claimant's "opinion" that his hearing loss was work related was formed. Second, and alternatively, that the 1985 amendment to the applicable statute of limitations 85 O.S.Supp.1985 § 43, governs this case.

■ This Court has held that under 85 O.S.1981 § 43 a cause of action for cumulative trauma accident arose when the claimant became aware of the ill effect *and* became aware that the effect was job related. *Munsingwear, Inc. v. Tullis*, 557 P.2d 899 (Okla.1976); *Estes v. National Zinc Co., Inc.*, 559 P.2d 1241 (Okla.1977). Under the cases cited the one year statute of limitations provided by 85 O.S.1981 § 43 began to run when the two conditions set forth in *Munsingwear, Inc. v. Tullis* came into existence. Claimant, however, citing *Buntin v. Sheffield Steel*, 707 P.2d 557 (Okla.App.1985) cert. den.; and *Wilson Foods Corp. v. Noble*, 613 P.2d 485 (Okla. App.1980), argues that the "awareness" condition required is not met until that "awareness" is imparted to the claimant by a trained professional. We do not find claimant's reliance on *Buntin* and *Wilson* to be well founded.

■ In the present case claimant testified that he had been informed about his hearing loss by a nurse, who would readily

appear to be a health care professional. Claimant also testified without objection by his own counsel and unequivocably that he had attributed his hearing loss to his employment. In neither the *Buntin* nor *Wilson* cases was there evidence that the claimants had been informed of their injuries by a health care professional prior to incidents within one year of filing their claims. In the *Wilson* case there was no evidence that the claimant had attributed her injury to her employment more than one year prior to filing her claim. In *Buntin* there was equivocal testimony on this point. In the present case the combination of information gained from a health care professional and the unequivocal statement that claimant had attributed his injury to his employment at least five years prior to the filing of his claim provides competent evidentiary support for the finding that claimant's cause of action arose under 85 O.S.1981 § 43 and was time barred by the operation of that provision's one year limitations period.

Regarding claimant's argument that 85 O.S.Supp.1985 § 43 should be given effect in this case, we would note that neither this Court nor the Legislature has the power or authority to revive a cause of action which has become barred by lapse of time. Okla. Const. Art. 5 § 52. And see also *Knott v. Halliburton Services,* 752 P.2d 812, (Okla.1988), where this Court refused to apply 85 O.S.Supp.1985 § 43 to causes of action arising prior to its effective date.

As the denial of the claim on the basis of the running of the statute of limitations is supported by competent evidence the order of the workers' compensation court en banc is *SUSTAINED. Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984).

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, SIMMS, OPALA, WILSON and KAUGER, JJ., concur.

SUMMERS, J., dissents.