Palmer W. HUNT, Petitioner,

v.

SHEFFIELD STEEL and The Workers' Compensation Court, Respondents.

No. 70181.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 7, 1989.

Rehearing Denied April 18, 1989.

Bryce A. Hill, Tulsa, for petitioner.

Thomas E. Steichen, Tulsa, for respondents.

## MEMORANDUM OPINION

HANSEN, Judge:

This original proceeding to review the denial of benefits for Claimant's hearing loss is controlled by a recent decision of the Oklahoma Supreme Court, *Bodine v. Crane Carrier*, 755 P.2d 675 (Okla.1988). In *Bodine* the claimant filed an action for compensation for a hearing loss he alleged arose from exposure to noise in the course of his employment with Crane Carrier. His claim was filed on April 29, 1986. The claimant continued to be employed by Crane Carrier through the trial.

Crane Carrier raised the defense of the statute of limitations. During the course of the trial, the claimant testified he noticed his hearing loss six or seven years prior to his claim being filed. He testified he attributed it to his employment at that time. He also testified a nurse at Crane Carrier told him about his hearing loss and counseled him to do something about it.

The claimant therein raised two issues on review. First, he argued the statute of limitations could not begin to run until he was told by a physician that his employment caused his hearing loss. Secondly, he argued the 1985 amendment to the applicable statute of limitations should govern the case. This amendment, 85 O.S.1985 Supp. § 43, abrogated the awareness doctrine in favor of "date of last trauma or hazardous exposure". The Supreme Court, relying on its lack of authority to revive a cause of action which had already been time-barred, refused to apply the amendment and held the statute of limitations began to run against the claimant when the nurse, a health care professional, informed him he had a hearing loss. The Supreme Court adopted this holding *despite the fact the claimant was still employed by Crane Carrier and still being exposed to the same loud noise* at the time of trial.

■ The present action is strikingly similar to *Bodine*. Claimant had been working at the same plant for 36 years, although the plant actually operated under a different owner at times during the course of his employment. Claimant testified he was given a hearing test in 1974. The results of that audiogram reflected a hearing loss in the same range as that sub-

mitted by Respondent. In addition Claimant testified as follows on cross examination:

Q. Were you aware that you had a hearing problem at that time?

A. When I had, you know, realized I had it, a hearing problem is when I first —when they first give (sic) the test and I can't remember the date.

Q. Was that in 1974?

A. If that was the first time they give (sic) it, I guess it was.

. . . . .

Q. What did you think caused that hearing loss?

A. Noise.

Q. Your work place, there?

A. Yeah.

. . . . .

Q. Well, let me ask you Mr. Hunt, you were aware at that time, 1974, that it (the hearing loss) was connected with your work?

A. Yes.

We are bound by the dictates of *Bodine.* There is competent evidence Claimant knew he had a hearing loss in 1974 and that he believed it was connected with his employment. In addition we are constrained to apply the awareness doctrine rather than the date of last exposure as the triggering factor for the running of the statute of limitations. Claimant's action is thus time-barred.

The present case and *Bodine* are distinguishable from *Parks v. Flint Steel Corp.,* 755 P.2d 680 (Okla.1988). In that case the claimant was not informed of the results of an earlier audiogram that would have commenced the running of the statute of limitations.

 Claimant also argues that Respondent waived its defense of the bar of the statute of limitations by providing a hearing aid for Claimant. This argument is without merit. Under Rule 14 of the Workers' Compensation Court, voluntary provision of medical treatment does not indicate the employer is admitting liability. Such an application would place a chill on voluntary efforts by employers to assist employees who have been injured. In addition, under *Bodine,* the action was already barred via the awareness rule, thus there was no cause of action in existence when Respondent furnished the hearing aid to claimant.

Accordingly, the ORDER of the Workers' Compensation Court is SUSTAINED.

HUNTER, P.J., concurs by reason of Stare Decisis.

MacGUIGAN, J., concurs.