## Laverne E. BACON, Petitioner,

v.

## McDONNELL DOUGLAS, Industrial Indemnity Co., and the Workers' Compensation Court, Respondents.

### No. 85723.

Court of Appeals of Oklahoma,
Division No. 3.

Dec. 12, 1995.

Publication Ordered Jan. 5, 1996.

---

Matthew E. Riggin, J.L. Franks, Tulsa, for Petitioner.

Michael W. McGivern, David P. Reid, Tulsa, for Respondents.

## MEMORANDUM OPINION

HANSEN, Judge:

Petitioner, Laverne Bacon (Claimant), seeks review of a Workers' Compensation Court order finding his claim for compensation was barred by the statute of limitations. We find the Workers' Compensation Court erred in that determination.

Claimant filed his claim for compensation on December 15, 1993, listing McDonnell Douglas (Employer) as his employer, and alleging cumulative trauma injury to his back, with December 10, 1993, as the date of last exposure. In its Answer, Employer denied Claimant had sustained an injury arising out of and in the course of employment, and asserted the statute of limitations as an affirmative defense on the ground that Claimant had become aware of his injury in about 1970. At trial, Employer reasserted its defenses, and the Workers' Compensation Court entered its order finding the claim was barred by the statute of limitations. Claimant filed his Petition for Review from that order.

Here on review, Claimant contends the Workers' Compensation Court erred in using the "awareness doctrine" to fix the statute of limitations, and in using awareness to bar his claim for compensation. A statute of limitations defense is treated as a true affirmative defense, and is not independently reviewed by this Court as a jurisdictional question. *Special Indemnity Fund v. Choate*, 847 P.2d 796 (Okla.1993). If a Workers' Compensation Court determination on such a defense is reasonably supported by the evidence, it will not be disturbed on

review. *Special Indemnity Fund v. Choate,* at 804.

The "awareness doctrine" referred to by Claimant was set out in *Munsingwear, Inc. v. Tullis,* 557 P.2d 899 (Okla.1976), and was redefined in *Coy v. Dover Corporation/Norris Division,* 773 P.2d 745 (Okla.1989), to reflect an implicit reasonableness standard. In the latter opinion, the Supreme Court restated the rule:

> The statute of limitations begins to run against a claim for compensation for cumulative injuries ... when the prospective claimant is possessed of facts which would make a reasonably prudent person similarly situated and of like educational background: (1) aware that he or she has an injury, and (2) aware that the injury is causally related to the working environment.

The awareness doctrine was, however, statutorily abrogated in 1985, when 85 O.S. 1981 § 43 was amended to provide, in relevant part:

> ... with respect to disease or injury caused by repeated trauma causally connected with employment, a claim may be filed within two (2) years of the date of last trauma or hazardous exposure.

Prior to the 1985 amendment, § 43 provided a one year limitation period for claims involving accidental injury, including cumulative trauma accidental injury. Our Supreme Court, in *Bodine v. Crane Carrier,* 755 P.2d 675 (Okla.1988), determined the 1985 amendment could not be applied retrospectively to claims arising prior to its effective date. The Court in *Bodine,* at 676, reasoned neither the Court, nor the Legislature, had the authority to revive a cause of action which had become barred by lapse of time.

Claimant filed his claim within two years of the uncontroverted date of his last exposure to the trauma of his employment. The question then is whether Claimant's cause of action had been barred by running of the limitation period prior to the 1985 amendment, or whether he still had a viable claim after 1985.

Claimant was the only witness at trial. He testified he began working for Employer as an equipment operator in 1966. His duties required him to operate hand trucks, forklifts and cranes, and also required him to do heavy lifting bending and stooping. He began to have difficulties with his back in the late 60's, and began having medical treatment in 1967. He had surgery for a herniated disk in 1970 or 1971.

After his surgery, Claimant was off work for seven or eight months. He returned to his regular duties without difficulty for one and a half or two years, after which time the back problem returned and got progressively worse. Claimant testified he continued to have back pain from the early 1970's until leaving Employer when the plant closed in May, 1994. He received medical treatment for his back problem throughout the period, at times from Employer's dispensary.

Claimant's testimony regarding awareness of the origin of his injury was inconsistent. On direct examination he stated he really did not know when was the first time he realized his job was causing his back problem. He also said he would not have been aware prior to 1985. However, earlier in his direct testimony, after describing the nature and physical requirements of his job, Claimant responded as follows:

> Q. Did you begin to develop some problems with your back as a result of your employment?
>
> A. Yes.
>
> Q. When did you first begin to have difficulties with your back, sir?
>
> A. Early—late 60's.

On cross-examination, Claimant said he "didn't really know what was causing" his back problem when he first began experiencing symptoms, but acknowledged he reported the problem to his supervisor and Employer's dispensary. In response to the question whether at that time he thought it was lifting of parts that was causing his problem, Claimant replied it "[m]ust have been".

Claimant clearly admits awareness of his back injury as early as 1967. Although it is less clear that Claimant was aware his back injury was causally related to his employment, we find the evidence reasonably supports the conclusion that he was either was

aware of that connection, or should have been so aware. Under the reasonableness standard set out in *Coy v. Dover Corporation/Norris Division, supra,* unless running of the limitation was otherwise tolled, Claimant's claim was barred by application of the awareness doctrine no later than one year from the time of his surgery in 1971.

Claimant asserts the running of the limitation period was tolled by Employer's providing medical treatment for his back injury. As noted by the Supreme Court in *Sooner Rock and Sand Company v. Donaho,* 421 P.2d 844 (Okla.1966), our appellate courts have long been committed to the rule that furnishing of medical treatment by an employer will toll or waive the statute of limitation under the Workers' Compensation law. *Also see, Oklahoma Furniture Manufacturing Company v. Nolen,* 164 Okla. 213, 23 P.2d 381 (1933) (rule first enunciated).

In *Smedley v. State Industrial Court,* 562 P.2d 847 (Okla.1977), the Supreme Court further defined the rule, holding that even:

> ... after the limitation period ... has run, and in the absence of evidence clearly showing a contrary intent, the furnishing of medical treatment is a conscious recognition of liability for the disability to the employee resulting from a compensable accidental injury under the Workmen's Compensation law, and tolls or waives the limitation period ..., *with the limitation period beginning to run from the date of such a furnishing under [85 O.S.1971] § 43.* (Emphasis added).

■ Thus, under the *Smedley* holding, Employer waived imposition of the statute of limitations as an affirmative defense each time it provided Claimant with medical treatment, and the limitation period began running anew, even though the limitation period may have previously run. Claimant testified he continued going to Employer's dispensary for his back problems until he left Employer in May 1994.

■ At the dispensary he would either see the nurse, or sometimes see a physician, and he was "consistently provided" with medications—"muscle relaxers and pain pills"—during the period of his employment after his injury. Claimant testified he never paid for this treatment. In view of this testimony, we find no merit in Employer's contention there is no evidence in the record supporting Claimant's assertion Employer provided him with medical treatment which would toll the statute of limitations for his claim. Claimant's testimony is sufficient to support a finding that Employer was still providing medical treatment to Claimant at the time he filed his claim.

■ We note Claimant also testified that when he first began experiencing problems with his back, he told his supervisor and the dispensary his duties involving lifting were causing him trouble with his back. In the absence of evidence to the contrary, we find it reasonable to presume Employer's dispensary provided Claimant with medical treatment under the statutory mandate in the applicable version of 85 O.S.1991 § 14. The basic requirement in § 14 for employers to promptly provide injured employees with medical care has been the same since enacted in 1915. The record does not reflect that anyone other than Employer paid for the treatment provided Claimant at its dispensary.

The Workers' Compensation Court must have found, as a threshold conclusion to its determination the claim was barred by the statute of limitations, that Employer did *not* furnish medical treatment to Claimant so as to toll or waive the limitation period. We find that conclusion is not reasonably supported by the evidence. Therefore, the Workers' Compensation Court's finding the claim was barred by the statute of limitations was erroneous and the order, which is premised on that finding, must be vacated.

In view of our holding above, we need not consider Claimant's contention that running of the limitation period was tolled because of Employer's failure to inform Claimant of his right to file a Workers' Compensation claim.

The order of the Workers' Compensation Court is VACATED, and this matter is REMANDED for further action consistent with this opinion.

HUNTER, P.J., and ADAMS, J., concur.