**B.F. GOODRICH COMPANY,**
Petitioner,

v.

**Virgil E. WILLIAMS, Respondent.**

No. 69147.

Supreme Court of Oklahoma.

May 24, 1988.

Wallace, Owens, Landers, Gee, Morrow, Wilson, Watson, James & Coiner by W. Neil Wilson, Miami, for petitioner.

Frasier & Frasier by Bryce A. Hill, Tulsa, for respondent.

LAVENDER, Justice:

Claimant, Virgil E. Williams, initiated a claim for workers' compensation benefits for loss of hearing alleged to have resulted from cumulative trauma from exposure to hazardous levels of noise in the course of his employment with employer B.F. Goodrich Company. The claim was filed August

26, 1986. Claimant alleged the date of accident to be December 31, 1983, which was claimant's last date of employment.

The only issue presented in the trial of the matter in the workers' compensation court was whether the claim was time barred by operation of the statute of limitations. The testimony to the trial court was to the effect that claimant had not noticed his hearing loss until sometime after his retirement and that claimant was not fully aware of the nature of his injury until August 29, 1986. The trial court found the claim not to be barred by the statute of limitations and entered an award for claimant's loss of hearing. Employer brought the present original proceeding for review of the trial court's ruling.

■ Employer now challenges the finding of the workers' compensation trial court that the claim was not time barred. Employer acknowledges that under this Court's interpretation of 85 O.S.1981 § 43 the running of the statute of limitations in a cumulative trauma accident was not triggered until the claimant became aware of the injury *and* became aware of the causal link between the injury and his employment. *Munsingwear, Inc. v. Tullis*, 557 P.2d 899 (Okla.1976). Employer argues, however, that 85 O.S.Supp.1985 § 43 controls this case, and that the 1985 provision reflects an intent to abrogate the judicially recognized "awareness doctrine" as set forth in *Munsingwear*, supra, and should be applied retrospectively. Employer's argument is that the triggering event for the running of the statute of limitations under 85 O.S.Supp.1985 § 43 is the last date of exposure. Under employer's proposed analysis the claim here would have been time barred two years from date of claimant's last exposure on December 31, 1983.

We agree with employer's assertion that the 1985 amendment to section 43 clearly establishes a legislative intent to limit the application of the "awareness doctrine." Here the Legislature has lengthened the limitations period from one year to two years but has unambiguously established the date of last trauma or hazardous exposure as the triggering event for the com-

mencement of the limitations period. The Legislature has specifically stated that awareness of injury shall be the triggering event in cases of asbestosis, silicosis or exposure to nuclear radiation. Applying the maxim *expressio unius est exclusio alterius* as an aid to our interpretation of this provision would clearly seem to indicate an intent of the Legislature to limit the effectiveness of the "awareness doctrine" to the cases specifically mentioned and to preclude its application in all other cumulative trauma or hazardous exposure cases. We find no indication of intent contrary to this conclusion.

■ We have, however, previously rejected the argument that 85 O.S.Supp.1985 § 43 should be given retrospective application. *Knott v. Halliburton Services,* 752 P.2d 812, 59 OBJ 861 (Okla.1988).

Given the judicial interpretation of the triggering event necessary to hold that a cause of action arose and thus triggered the running of the statute of limitations under the pre–1985 version of section 43, claimant's cause of action here remained inchoate after his date of last exposure pending his actual awareness of the nature of his injury. However, on November 1, 1985, this inchoate cause of action became subject to operation of 85 O.S.Supp.1985 § 43 under the provisions of which the triggering event for the running of the statute of limitations had already occurred. In such a situation the rule in Oklahoma is that stated in *Magnolia Petroleum Co. v. Watkins,* 177 Okl. 30, 57 P.2d 622 (1936):

> The principle is well established in this jurisdiction that a statute of limitations, in so far as it affects rights of action in existence, when the statute is passed, be held, in the absence of a contrary provision, to begin when the cause of action was first subjected to its operation. The period of limitation described by section 4 of the above act begins on May 3, 1933, the effective date of the act, and since the period of limitation computed according to the terms of the act did not expire prior to the date of the application to reopen, said right was not barred by the above statute.

The question of awareness became irrelevant as to the running of the limitations period on November 1, 1985 where the limitations period had not been triggered by awareness prior to that date. The 1985 amendment clearly and unambiguously sets forth as the triggering event the date of last exposure. However, as set forth in *Magnolia Petroleum,* supra, and to prevent the retrospective effectiveness of the 1985 amendment, the two year limitations period could not begin to run prior to the effective date of the amendment. Allowing claimant in this case to have the full benefit of the term provided in 85 O.S. Supp.1985 § 43 his claim could not have been time barred prior to November 1, 1987. As his claim was brought prior to this date it was timely brought.

ORDER SUSTAINED.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, OPALA, ALMA WILSON and KAUGER, JJ., concur.

SIMMS and SUMMERS, JJ., concur in part; dissent in part.