Michael PATTON, Petitioner,

v.

**WORD INDUSTRIES, Pacific Indemnity Company and the Workers' Compensation Court, Respondent.**

**No. 72405.**

Court of Appeals of Oklahoma, Division No. 3.

Sept. 12, 1989.

Rehearing Denied Oct. 3, 1989.

Certiorari Denied March 5, 1990.

Thomas Whalen, Whalen & Collinson, Tulsa, for petitioner.

Jo Anne Deaton, Rhodes, Hieronymous, Jones, Tucker & Gable, Tulsa, for respondent.

## MEMORANDUM OPINION

BAILEY, Chief Judge:

Petitioner seeks review of the Trial Court's order denying his claim as barred by the statute of limitations. Petitioner was employed by Respondent Word Industries (Employer) for many years. In 1983, Petitioner submitted to a hearing test given by Employer which revealed hearing loss. Petitioner testified that the audiometrist advised him that his hearing loss was potentially job-related, but did not inform him of his right to file a Workers' Compensation claim therefor. Petitioner left the employ in 1985.

In January, 1988, Petitioner filed his Form 3, claiming compensable job-related hearing loss. Employer and its insurance carrier, Respondent Pacific Indemnity Insurance Company (Carrier), answered, asserting Petitioner's claim was barred by the two-year statute of limitations. The Trial Court accepted briefs on the issue, and subsequently denied the claim based on the statute of limitations. In this review proceeding, Petitioner asserts that the failure of Employer to inform him of his right to file a workers' compensation claim at the time of audiometric testing in 1983 tolled the running of the statute of limitations under 85 O.S.1981 § 8 (repealed, eff. July 15, 1985).

Prior to the 1985 amendment to § 43, the limitation period on Petitioner's claim would be controlled by the holding of *Munsingwear, Inc. v. Tullis*, 557 P.2d 899 (Okl. 1976). "Under the circumstances of a cumulative effect accident, the accidental injury, which accompanies the accident, occurs (1) at the time of claimant's awareness, or discovery, of a 'defect' or 'ill effect' caused the claimant; and (2) at the time of his awareness that the effect is causally connected with his job. It is then, the limitation period ... begins to run under § 43, supra." *Munsingwear, Inc. v. Tullis*, 557 P.2d 899, 903. The *Munsingwear* "awareness" doctrine, applicable to

claims arising before the 1985 amendment to § 43 and under 85 O.S.1981 § 43, has been qualified to the extent that "the statute of limitations begins to run against a claim for compensation for cumulative injuries resulting in hearing loss when the prospective claimant is possessed of facts which would make a reasonably prudent person similarly situated and of like educational background: (1) aware that he or she has an injury, and (2) aware that the injury is causally related to the working environment." *Coy v. Dover Corp./Norris Division*, 773 P.2d 745, 747 (Okl.1989).

However, and as noted above, § 43 was amended, effective November 1, 1985, to provide that a two-year statute of limitations begins to run on cumulative trauma injuries from the date of last hazardous exposure. 85 O.S.1985 Supp. § 43(A). The effect of the legislative change of § 43 was explained in recent Supreme Court cases. *B.F. Goodrich v. Williams*, 755 P.2d 676 (Okl.1988); *Knott v. Halliburton Services*, 752 P.2d 812 (Okl.1988). In *Knott*, the Supreme Court held that "a compensation claim is controlled by the laws in existance at the time of the injury and not by laws enacted thereafter," and that the subsequent amendment of § 43 establishing a two-year limitation period from the date of last exposure did not apply retrospectively. 752 P.2d at 813–814. In *B.F. Goodrich v. Williams*, relying on *Knott*, the Supreme Court held that in inchoate cumulative hearing loss cases arising before the adoption of the 1985 amendment to § 43, the two-year statute of limitations began to run on the effective date of the amendment. 755 P.2d at 677–678.

Under these authorities, and absent some other tolling provision, we would find that under either the 1981 version of § 43 or the 1985 amendment to § 43, Petitioner's claim would nevertheless be time-barred. Petitioner was informed of the job-related nature of his hearing loss in 1983, and Petitioner's last hazardous exposure to the deleterious noises of his workplace occurred in 1985. Under *Munsingwear* and *Knott*, the proper statute of limitation to be applied to Petitioner's claim

would be one year from Petitioner's "awareness" of the job-related injury, which was the law then in effect. *Munsingwear*, 557 P.2d at 903; *Knott*, 752 P.2d at 813–814. Under *Coy* and the facts of this case, the one-year statute of limitations began to run in 1983 when Petitioner was "possessed of [sufficient] facts which would cause a reasonably prudent person similarly situated to be aware (1) an injury exists, and (2) there is a causal connection with employment conditions," and Petitioner's claim would be barred one year after the 1983 hearing test. *Coy*, 773 P.2d at 749. Assuming that the two-year statute of limitations under amended § 43 applied, the two-year limitation period began to run on Petitioner's hearing loss claim on November 1, 1985 and expired on November 1, 1987. *Williams*, 755 P.2d at 677–678. Petitioner did not file his claim in the instant action until January, 1988, two months after the running of the two-year statute of limitations.

 Petitioner argues that the statute of limitations on his claim was tolled by operation of 85 O.S.1981 § 8. That section required employers to notify their employees of their rights under the Workers' Compensation Act, and provided that the statute of limitations on a claim was tolled when employers failed to inform their employees of their Workers' Compensation Act remedies. However, § 8 was repealed in 1985, thus removing the legislative "notice-tolling" provision. While we have found no Oklahoma authority directly on point, the general rule holds that in the case of the repeal of an exception to the statute of limitations, the limitation period begins on the date of the repeal of the excepting clause. 51 Am.Jur.2d, *Limitation of Actions*, § 142; *Lewis v. Lewis*, 48 U.S. (7 How.) 776, 12 L.Ed. 909 (1849). As elsewhere noted, "[a] litigant has no vested right to maintenance forever of the status quo existing at the time of his injury with respect to the time within which a legal remedy remains available." *Reynolds v. Heartland Transp.*, 849 F.2d 1074 (8th Cir. 1988). Under these rules, we therefore hold that Petitioner may not, after the repeal of the notice-tolling provision of § 8, take advantage of the repealed statute.

We thus hold that upon repeal of the "notice-tolling" provision of § 8, effective July 15, 1985, and under the statute of limitations then in effect, Petitioner's one-year statute of limitations began to run, and Petitioner's failure to institute his claim within one year of the effective date of the repealer of § 8 rendered his claim barred by the statute of limitations. Again, and assuming arguendo that Petitioner could rightfully take advantage of the two-year limitation period provided for in the 1985 version of § 43, Petitioner's claim would still be barred two years from the effective date of amended § 43. Because Petitioner did not file his claim (1) within one-year of the repeal of the tolling provision of § 8, nor (2) within two years of the effective date of amended § 43, his claim was barred by operation of the statute of limitations. The order of the Trial Court, under either standard, was therefore unaffected by error of law, and there is competent evidence in the record to support the Trial Court's order.

No reversible error of law appears and the findings of fact by the Workers' Compensation Court are supported by sufficient evidence. The order of the Court is therefore SUSTAINED. Rule 1.202(b), Rules of Appellate Procedure, 12 O.S.1983 Supp., Ch. 15, App. 2.

REYNOLDS, J., concurs.

HANSEN, P.J., dissents.