**ROCKWELL INTERNATIONAL, Own Risk, Petitioner,**

v.

**Frank Howard REED and the Workers' Compensation Court, Respondents.**

**No. 74674.**

Court of Appeals of Oklahoma, Division 1.

Oct. 9, 1990.

Rehearing Denied Nov. 13, 1990.

Certiorari Denied Jan. 29, 1991.

Michael D. Gilliard, Tulsa, for petitioner.

Jamie Pitts, Tulsa, for respondents.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

Frank Howard Reed (Claimant) filed his Form 3 on March 16, 1988, alleging hearing loss due to cumulative trauma caused by continuous exposure to plant noise. Rockwell International (Employer) admitted Claimant's period of employment, including the alleged date of last exposure, but denied any on-the-job injury. In addition, Employer claimed as defenses lack of notice and statute of limitations. Claimant contended the statute of limitations was tolled by Employer's failure to advise him of his right to file a claim. After hearing the evidence, the trial court concluded Claimant had sustained binaural hearing loss of 41.6 per cent due to cumulative trauma arising out of his employment, and found Claimant had been last exposed to the noise hazard on March 31, 1989. The trial court also concluded the statute of limitations was tolled by Employer's failure to tell Respondent he had the right to file a

claim for compensation. Based upon those findings, the trial court entered an order granting Claimant benefits. Employer appealed to a three judge panel, and that panel sustained the trial court.

Employer contends the statute of limitations began to run on December 2, 1981, when Claimant acknowledged receipt of the results of an employer-sponsored hearing test. The report of those results stated, in part:

The results of your hearing test showed some abnormal hearing loss for high pitched sounds (whistles, sirens, phones, women's voices and so forth). *There can be many causes for this type of hearing loss, such as aging, heredity, injury, disease or exposure to noises at work and at home ...*

Due to the amount of hearing loss which you have in the high tones, *it is very important that you wear ear protection whenever you are exposed to loud noises at work and at home. This will provide you protection against possible additional losses due to noise exposure.* (Emphasis added)

Employer argues this evidence demonstrated Claimant was or should have been aware of his injury and its connection to his employment in December, 1981. Employer claims the one-year statute of limitations began to run at that time. We agree that the notice received by this Claimant is virtually identical with the notice received in *Coy v. Dover Corp./Norris Division,* 773 P.2d 745 (Okla.1989). In that case, the Oklahoma Supreme Court ruled the statute of limitations begins to run on cumulative hearing loss claims when "a prospective claimant is possessed of facts which would cause a reasonably prudent person similarly situated to be aware (1) an injury exists, and (2) there is a causal connection with employment conditions." The Court found the notice received by Coy sufficient to commence the statute of limitations.

Claimant argues 85 O.S.1981 § 8 tolled the statute of limitations since it was uncontroverted that Employer did not advise him of his right to file a claim. Claimant

contends Employer knew of his injury and its likely connection to his job. He claims the same evidence which would make him "aware" proves Employer had notice of his on-the-job injury.

■ Prior to its repeal, effective July 15, 1985, 85 O.S.1981 § 8 provided, in part: "In the event an employer having notice of an injury neglects to advise the injured employee of the right to file a claim ... the statute of limitations shall be tolled until such claim is filed." Employer argues it had no duty to inform Claimant of his right to file, because there was no competent evidence it had actual knowledge of an on-the-job injury. Citing *Moore v. Tom Morris Enterprises*, 547 P.2d 966 (Okla. 1976), Employer says claimant must demonstrate "actual notice" before it has a duty to advise him of the right to file a claim. Quoting *Capitol Steel & Iron Co. v. Austin*, 519 P.2d 1364 (Okla.1974), the *Moore* court defines "actual" notice as "knowledge which may reasonably be imputed to an employer, from consideration of evidentiary facts and circumstances in given case". 547 P.2d at 970.

The test for "actual" notice stated in *Moore* is strikingly similar to the test for "awareness" stated in *Coy*. Both are based on what is reasonable to expect from a person possessed with certain knowledge in certain circumstances. *Coy* requires us to conclude that a reasonable claimant in Reed's position would be aware of his injury and the connection with employment. It would be patently erroneous to conclude, as a matter of law, that a reasonable employer with identical information would not be aware of or "know" about the injury and the connection to employment. Where resolution of a question of tolling the statute of limitations is dependent on a question of fact, the finding of the Workers' Compensation Court will not be disturbed on appeal when based on competent testimony. *Armco, Inc. v. Holcomb*, 694 P.2d 937 (Okla.1985). The record contains competent evidence supporting the trial courts' finding on this issue.

■ In its second proposition of error, Employer claims the statute of limitations ceased to be tolled on July 15, 1985, the effective date of the repeal of § 8. Under Employer's theory, Claimant had until July 16, 1986 to file his claim. Since the claim was filed in 1988, it would be barred. While we agree that the repeal of § 8 caused the statute of limitations to begin running on July 15, 1985, that conclusion does not bar the claim. Effective November 1, 1985, the Legislature abolished the "awareness" doctrine for cumulative trauma injuries and set the statute of limitations at two years from the date of last trauma or hazardous exposure. 85 O.S. 1990 Supp. § 43(A).

While *Knott v. Halliburton Services*, 752 P.2d 812 (Okla.1988) held the amended version of § 43 would not be applied retroactively, two later cases establish that it may apply to claims which were not time-barred on the effective date of the amendments. *B.F. Goodrich v. Williams*, 755 P.2d 676 (Okla.1988) involved a hearing loss allegedly resulting from cumulative trauma. Williams did not become aware of the hearing loss until after November 1, 1985, even though his "last exposure" occurred in 1983. Acknowledging the holding in *Knott*, the Supreme Court concluded Williams' claim became subject to amended § 43 on its effective date. Since the "triggering event" under amended § 43, i.e. "last exposure", had already occurred, Williams had two years from November 1, 1985 to file his claim.

One year after the holding in *Goodrich*, the Court again concluded that a claimant whose claim was not time-barred on November 1, 1985, could take advantage of the amended version of § 43. In *Coy v. Dover Corporation/Norris Division*, 773 P.2d at 748, the Court stated:

The amended statute [§ 43] is not, however, given retrospective application. *Goodrich*, supra. See, also: *Knott v. Halliburton Services*, Okl., 752 P.2d 812 (1988). Consequently, if the petitioner's cause was not time-barred by the earlier statute, petitioner would have had two years from the effective date of the

amended version in which to file his claim. *Goodrich, supra,* at 678.

As in *Goodrich,* Coy's "last exposure" was prior to November 1, 1985.

Under the awareness doctrine, the one year statute of limitations began to run on Reed's claim when § 8 was repealed July 15, 1985, and it was not time-barred on November 1, 1985. Employer does not challenge the trial court's finding that "last exposure" occurred March 31, 1989. Under *Goodrich* and *Coy,* Claimant is entitled to the benefit of the amended version of § 43. His claim could not be time-barred prior to April 1, 1991. Based on the factual determinations made by the trial court, it would be error to conclude Reed's claim was barred by the statute of limitations.

■ It is of no importance whether the trial court based its order on the view that § 8 tolled the statute of limitations even after its repeal, or on the view that the statute was tolled only until July 15, 1985, preventing Reed's claim from being time-barred prior to November 1, 1985 and giving him the benefit of amended § 43. A trial court judgment, even if based upon incorrect reasons, will be affirmed where its ultimate conclusion is correct under law. *Russell v. Flanagan,* 544 P.2d 510 (Okla. 1975); *Haynes v. South Community Hospital Management, Inc.,* 793 P.2d 303 (Okla.App.1990).

SUSTAINED.

BAILEY, J., concurs.

MacGUIGAN, J., not participating.