ZINC CORPORATION OF AMERICA, and Pacific Employers Insurance, Petitioners,

v.

Donald L. McCALLISTER, and the Workers' Compensation Court, Respondents.

No. 75751.

Court of Appeals of Oklahoma, Division No. 3.

April 30, 1991.

Rehearing Denied June 18, 1991.

Certiorari Denied Sept. 11, 1991.

John N. MacKenzie, Tulsa, for petitioners.

Richard A. Bell, Norman, for respondents.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

Donald L. McCallister (Claimant) filed his Form 3–b in the Workers' Compensation Court on February 12, 1988, alleging he sustained an occupational disease arising out of his employment with Zinc Corporation of America (Employer). He alleged he suffered from reduced breathing capacity from injury to his lungs and upper respiratory system due to continuous exposure to ore dust, chemicals, acids and welding fumes. On February 14, 1990, the trial court entered an order dated February 12, 1990, awarding Claimant 10% permanent partial disability to the body as a whole due to injury to the lungs. The court found that Claimant sustained no permanent partial disability to the upper respiratory system, and that the claim was not barred by the statute of limitations.

Employer appealed to the Court *En Banc*, and a three-judge panel affirmed the trial court's order, finding it was not against the clear weight of the evidence or contrary to law.

In this review proceeding, Employer contends the trial court erred in finding the claim was not barred by the statute of limitations. Within that proposition of error, Employer argues the evidence does not support the court's finding of an occupa-

tional disease peculiar to Claimant's employment.

Employer argues that Claimant testified he became aware his lung problems were work-related in 1983. Therefore, Employer contends, since more than 5 years had passed when Claimant filed his claim, the claim was barred under 85 O.S. 1981 § 43 unless the trial court specifically held Claimant sustained an occupational disease, defined under 85 O.S. § 3(10), and that the last hazardous exposure was in 1988. Employer further contends the evidence does not support a finding that Claimant suffered from an occupational disease because his medical expert did not find that the disability was due to a disease characteristic of or peculiar to his particular trade or occupation.

The evidence shows Claimant was first diagnosed with lung problems August 13, 1981, with chronic bronchitis. Claimant testified he knew in 1983 or 1984 that his lung problems were work-related. At that time, the statute of limitations, found at 85 O.S. 1981 § 43, required that claims must be filed within one year after the injury, and, in the case of occupational diseases, within 18 months of the date of last exposure. Claimant's employment did not end until May 30, 1988, and the trial court found his last exposure was on that date. Thus, if Claimant was continuously exposed until his employment ended, and his condition is an "occupational disease", his claim is not barred.

"Occupational disease" is defined at 85 O.S.Supp.1988 § 3(10) (since amended):

(10) "Occupational disease" means only that disease or illness which is due to causes and conditions characteristic of or peculiar to the particular trade, occupation, process or employment in which the employee is exposed to such disease.

Claimant testified his employment began October 28, 1977, and that he worked as a maintenance mechanic during most of his employment. His job took him all over the plant. He stated that before the plant came under new management, approximately four or five years before his retirement, the air in the plant looked like "dirt, grit, you name it, just mud." He also stated that the "buildings were nothing but dust, gas fumes, and you name it." Before the new management arrived, wearing protective masks was not compulsory. After the new management arrived, however, they were compulsory in some areas. In working on the machinery in the plant every day, he worked around chemicals and fumes. The evidence supports the trial court's finding that Claimant's last exposure date was the date he left the employment, May 30, 1988.

The evidence also supports the finding that Claimant suffered from an occupational disease. Claimant's medical evidence was in the form of a written report and a deposition of Dr. C. This evidence shows that Dr. C. was of the opinion that:

Mr. McCallister did sustain loss of breathing capacity while employed by Zinc Corporation for a period of eleven years and continually exposed to toxic fumes and dusts. It is my medical opinion that he has a partail (sic) permanent impairment of 25% secondary to Class 2 respiratory impairment and damage to his lungs. He in addition has an impairment of 5% secondary to obstruction in the upper respiratory system. This is caused or aggravated by his employment.

Claimant himself testified that the nature of the work done at Employer's plant is extracting zinc from ore and acids. They made acids and used acids to extract the zinc from the ore. He also stated that he was exposed to sulfuric acid because it would leak out of the area where it was being manufactured into the atmosphere where he would have to work. He said he thought the most harmful exposure was to dust from "calcium, sulfur fumes, the sulfuric acid fumes."

The statute of limitations at 85 O.S. 1981 § 43 was amended effective November 1, 1985. It provides, in pertinent part:

A. The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court ... Provided further however, *with respect to disease* or injury caused

by repeated trauma causally connected with employment, a claim may be filed within two (2) years of the date of last trauma or hazardous exposure....

Under the pre-amended version of § 43, Claimant's claim was not time barred. He continued to work until the statute was amended, effective November 1, 1985. Since his claim was not barred at that time, he came within the amended § 43. See *B.F. Goodrich v. Williams*, 755 P.2d 676 (Okl.1988). Claimant's claim was filed before the termination of his employment, and was thus timely due to his continuous exposure. See *Rockwell International v. Reed*, 804 P.2d 460 (Okl.App.1990).

■ Our inquiry in any review proceeding is whether the order of the Workers' Compensation Court is supported by any competent evidence. See *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okl.1984). We hold the order on appeal is supported by competent evidence.

ORDER SUSTAINED.

HANSEN and ADAMS, JJ., concur.