**Lee Roy CARTER, Petitioner,**

v.

**McDONNELL DOUGLAS, Industrial Indemnity Company and the Workers' Compensation Court, Respondents.**

**No. 83467.**

Court of Appeals of Oklahoma,
Division No. 4.

Dec. 20, 1994.

Rehearing Denied Jan. 30, 1995.

Certiorari Denied March 29, 1995.

W.C. Doty, Norman, for petitioner.

Kevin D. Berry, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for respondents.

STUBBLEFIELD, Judge.

Claimant seeks review of an order of the Workers' Compensation Court three-judge panel vacating the trial court's finding that he had sustained a cumulative effect hearing loss on grounds that the claim was barred by the statute of limitations. Based upon our review of the record on appeal and applicable law, we find that the trial court's order was not contrary to law and vacate the panel's order.

Claimant Lee Roy Carter filed a Form 3–B on February 26, 1992, alleging that he had sustained hearing loss arising out of his "continuous exposure for over 21 years to extreme loud noises dealing [with] drill motors, sanding, grinding, riveting [and] sawing." Claimant first started working for Employer McDonnell Douglas in 1965. He worked there for a period of time, had a break in employment and was rehired in 1975. He worked in the area of "aircraft structure." He listed the date of last exposure as November 1991.

Employer denied that Claimant sustained an injury arising out of his employment. It further claimed that he had not filed his Form 3 within the statutory period of time.

The trial court found that Claimant did sustain an accidental injury arising out of his employment, which consisted of a binaural hearing loss of 50.17 percent with a two percent disability due to tinnitus. The trial court further found that the claim was not barred by the statute of limitations, and that Claimant's date of last exposure was the date he retired, in January 1993, after the initiation of these proceedings.

Employer appealed to the three-judge panel, claiming that the trial court's order was contrary to law on the limitations issue. In the alternative, it claimed that the trial court failed to take into consideration Claimant's hearing loss sustained prior to working for Employer.

The three-judge panel vacated the trial court's order upon the sole basis that the claim was barred by the statute of limitations. Claimant seeks review.

Claimant asserts that his claim for compensation is timely because it is governed by the two-year limitation period and date of last exposure rule of 85 O.S.1991 § 43.[1] Although he knew in 1985 that he had some hearing loss, he claims that he was not aware that the hearing loss was causally connected to his employment. He further asserts that the statute of limitations was tolled under the former 85 O.S.1981 § 8, repealed July 15, 1985, because Employer did not inform him of his right to file a workers' compensation claim.

Employer asserts that the one-year limitation period of 85 O.S.1981 § 43, and the implied awareness doctrine, barred the claim because Claimant was possessed of facts that should have made him aware of a hearing loss and a connection between that condition and his job. Citing *B.F. Goodrich Co. v. Williams,* 755 P.2d 676 (Okla.1988), Employer argues that, at the latest, Claimant had two years from November 1, 1985—the limitations period provided when section 43 was amended on November 1, 1985—in which to file his claim. We find that the subject claim was not barred.

The record herein shows that Claimant *was* possessed, in April 1985, of actual knowledge that he had suffered a hearing loss and that his condition could have been caused by conditions at work. He was given a hearing test by Employer and was provided with a written notice advising that his hearing was "possibly abnormal," that more extensive testing was necessary to evaluate his hearing and that such testing would be provided by Employer, if Claimant desired, at no cost. Claimant was advised: "To further help conserve your hearing, it is required that you wear hearing protection in all high noise areas." At trial, he stated that in 1985 he knew he had a compensable hearing loss, that other employees had filed claims, and that he could file a claim.

Under the pre-amendment standards of section 43, a claim for a cumulative effect hearing loss accrued when the prospective claimant was possessed of facts that would

make a reasonably prudent person similarly situated (1) aware that he had an injury; *and* (2) aware that the injury was causally related to the working environment. A one-year limitation period applied. *Coy v. Dover Corp./Norris Division,* 773 P.2d 745, 747 (Okla.1989). That limitation period began to run in April 1985.

On November 1, 1985, section 43 was amended to provide a two-year statute of limitations for cumulative effect injuries. The limitation period begins to run *from the date of last hazardous exposure.*

In *B.F. Goodrich Co. v. Williams,* 755 P.2d 676 (Okla.1988), the Oklahoma Supreme Court dealt with the issues of cumulative effect injury and limitations. The claimant in *Goodrich* had filed his claim on August 26, 1986. His date of last exposure was December 31, 1983, which was his last day of employment. He testified that he had not noticed his hearing loss until sometime after his retirement and was not fully aware of the nature of his injury until August 29, 1986. The trial court found that the claim was timely and awarded benefits. On appeal, the employer argued that the 1985 amendment to section 43 controlled the case, and because the "triggering event" under that statute for the running of the statute of limitations was the claimant's date of last exposure, his claim was barred two years from December 31, 1983. *Id.* at 677.

The supreme court in *Goodrich* determined that under the pre–1985 version of section 43, the claimant's cause of action remained "inchoate" after his date of last exposure pending his awareness of the nature of his injury. *Id.* at 678. The court noted that this inchoate cause of action became subject to the provisions of the amended statute on November 1, 1985, under which the "triggering event" for the running of the statute of limitations changed from awareness to date of last exposure. *Id.* The court stated:

> The question of awareness became irrelevant as to the running of the limitations period on November 1, 1985 where the

---

**1.** Effective November 1, 1985, section 43 was amended to state that a claim for "injury caused by repeated trauma causally connected with em-

ployment ... may be filed within two (2) years of the date of last trauma or hazardous exposure." 85 O.S.Supp.1985 § 43.

limitations period had not been triggered by awareness prior to that date. The 1985 amendment clearly and unambiguously sets forth as the triggering event the date of last exposure. However ... to prevent the retrospective effectiveness of the 1985 amendment, the two year limitations period could not begin to run prior to the effective date of the amendment. Allowing claimant in this case to have the full benefit of the term provided in [the amended section 43] his claim could not have been time barred prior to November 1, 1987.

*Id.*

In *Goodrich,* upon which Employer herein relies, the claimant's date of last exposure was prior to November 1, 1985. Such is not the case herein.

Claimant continued to work for Employer and was exposed to the same noise until January 1993. This was not disputed by Employer. Although Claimant was or should have been aware of his work-related injury prior to November 1, 1985, *Coy,* 773 P.2d at 747, his cause of action was not yet time barred by the awareness doctrine on that amendment date. Under such circumstances, we conclude that Claimant could take full advantage of the amended version of section 43, which provides that the limitation period began to run on last exposure. The statute of limitations on this claim would not have expired until two years from the January 1993 date of last exposure. Therefore, the order of the three-judge panel finding the claim time barred is contrary to law.

In reaching this conclusion, we find *Rockwell International v. Reed,* 804 P.2d 460 (Okla.Ct.App.1990), to be persuasive. In *Rockwell,* the claimant filed his Form 3 on March 16, 1988, alleging a cumulative trauma hearing loss. His date of last exposure was March 31, 1989. The employer argued that the statute of limitations began to run on December 2, 1981, when the claimant received the results of a hearing test that the employer sponsored.

Citing *Coy,* the court agreed that the claimant's receipt of the test results commenced the running of the statute. However, the statute was tolled under 85 O.S.1981 § 8, because it was undisputed that the em-

ployer did not advise the claimant of his right to file a claim. When section 8 was repealed on July 15, 1985, the statute began running, but the court determined that the claim was not time barred, reasoning as follows:

Under the awareness doctrine, the one year statute of limitations began to run on Reed's claim when § 8 was repealed July 15, 1985, and it was not time-barred on November 1, 1985. Employer does not challenge the trial court's finding that "last exposure" occurred March 31, 1989. Under *Goodrich* and *Coy,* [he] is entitled to the benefit of the amended version of § 43. His claim could not be time-barred prior to April 1, 1991.

*Rockwell,* 804 P.2d at 463.

Subsequently, in *Marley Cooling Tower Co. v. Cooper,* 814 P.2d 472 (Okla.1991), the supreme court noted that, as a general rule, rights of action in existence on the effective date of a new extended limitation period are governed by the extended period. The court stated that the amended section 43 reveals no legislative intent to vary this general rule. *Id.* at 476. And, although it did not decide the precise issue on consideration herein, the court, citing *Rockwell* in a footnote, indicated that where a claim had accrued through awareness but had not been time barred on November 1, 1985, the limitation period would not commence until the date of last trauma or exposure. *Marley,* 814 P.2d at 476 n. 3. Accordingly, we vacate the order of the three-judge panel.

On appeal to the three-judge panel, Employer claimed, in addition to raising the statute of limitations issue, that in awarding benefits the trial court failed to take into consideration Claimant's pre-employment hearing loss. However, the three-judge panel made no ruling upon this issue. Indeed, there was little need to do so because the panel believed the limitations issue dispositive. Because we have vacated the order reflecting the panel's judgment upon that legal issue, we remand the cause for consideration of the factual issue regarding Claimant's prior pre-employment hearing loss.

The three-judge panel's decision is VACATED. The cause is remanded to that panel for further proceedings.

TAYLOR, P.J., and GOODMAN, J., concur.