ENCOR TECHNOLOGIES, INC.,
own risk, Petitioner,

v.

Ron CAGLE and The Workers'
Compensation Court,
Respondents.

No. 87256.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Dec. 13, 1996.

Michael D. Gilliard, Ronald E. Hignight, Tulsa, for Petitioner.

Michael R. Green, Tulsa, for Respondents.

**MEMORANDUM OPINION**

CARL B. JONES, Presiding Judge:

Petitioner/Employer seeks review of a finding of binaural hearing loss. It is argued that the trial judge deviated from the findings of the independent medical examiner without adequate explanation. Employer also contends the hearing loss impairment, as determined by the trial court, was not supported by competent evidence. The findings of the trial judge were affirmed by intracourt appeal to the three judge review panel.

It is from the order of the review panel that this review proceeding is brought.

■ Claimant's medical expert found a job-related 27.5% binaural hearing loss over and above a pre-existing 14.1%. Respondent's medical expert found a job-related binaural hearing loss of 7.88% over and above 11.82% pre-existing his employment. The court-ordered independent medical examiner, Dr. F, found 18.4% job-related binaural hearing loss over and above 14.1% pre-existing from previous employment, and over and above 15% caused by presbycusis (age-related hearing loss). The trial court found 23.45% binaural job-related hearing loss, over and above a pre-existing 14.1% hearing loss. The trial court's order states " . . . the Court deviated from the Independent Medical Examination for Dr. F's permanent partial disability reduction for presbycusis."

Employer argues that this explanation for the court's deviation from the findings of the independent medical examiner is not in compliance with 85 O.S.1994 Supp. § 17(G) [1] and thus is legally insufficient. Employer believes the court should have explained why hearing loss was not apportioned for presbycusis. We agree. Section 17(G) does not mandate that the trial court follow the impairment ratings of the court appointed independent medical examiner. But if the court deviates therefrom, it clearly requires that the court " . . . specifically identify by written findings of fact, the basis for such deviation . . . ". This was not done.

All that can be concluded from the sentence in the trial court's order addressing deviation is that the court disagreed with Dr. F's apportioning some of the hearing loss to the non-work related normal aging process. The trial court's reasoning here is unknown. He did not, by findings of fact or conclusions of law, justify his deviation. Claimant suggests the trial court could not properly have apportioned for presbycusis. He cites the recent case of *Kerr Glass v. Hepler*, 902 P.2d 1126 (Okla.App.1995), which holds that the trial court was not required to apportion hearing loss caused by claimant's age. *Hepler*, however, does not hold that the court *shall not* apportion for age-related hearing loss. *Hepler* is of no guidance.

■ Employer points out the statutory requirement that in determining impairment from hearing loss, " * * * * All evaluations shall include an apportionment of injury causation. * * * * ". 85 O.S.1994 Supp. § 3(11) and 85 O.S.1994 Supp. § 22(3). Further, " * * * * In the event there exists a previous impairment which produced permanent disability and the same is aggravated or accelerated by an accidental personal injury or occupational disease, compensation for permanent disability shall be only for such amount as was caused by such accidental personal injury or occupational disease and no additional compensation shall be allowed for pre-existing disability impairment. * * * * " 85 O.S.1994 Supp. § 22(7). In the instant case, there was evidence from the court appointed examiner that a percentage of Claimant's hearing loss was age-related and not job-related. If the evidence sufficiently shows that some or all of the hearing loss is age-related, it is then certainly permissible to apportion it out rather than making it compensable.

We acknowledge that the trial court may have had other legitimate reasons for its deviation from the independent examiner's findings. This case must then be remanded, for if there is to be deviation, 85 O.S. § 17(G) must be complied with.

■ Employer next argues that Claimant's medical evidence was incompetent because Claimant's expert did not attribute any hearing loss to presbycusis. He cites 85 O.S. §§ 3(11) and 22(3) which require all evaluations to apportion for causation. This proposition is not well taken. Claimant's medical expert testified he did not think Claimant suffered from any age-related hearing loss. Thus, there would be no presbycusis to apportion for. Obviously, he will not be re-

---

**1.** "G. The impairment rating determined by the third physician or, upon implementation of the independent medical examiner system in subsection D of this section, the independent medical examiner, may be followed by the Court. If the Court deviates from the impairment rating, the Court shall specifically identify by written findings of fact the basis for such deviation in its order." 85 O.S.1994 Supp. § 17(G).

quired to apportion for something he does not believe exists.

The order of the review panel is reversed. This cause is also remanded to the trial court for further proceedings to bring the court's findings into consistency with the independent medical examiner or to bring any deviation therefrom into compliance with 85 O.S. § 17(G).

VACATED AND REMANDED.

GARRETT, J., and ADAMS, V.C.J., concur.