1998 OK CIV APP 138

**Raymond GLENN, Petitioner,**

v.

**JOHNSON CONTROLS, Reliance National Insurance Co., and the Workers' Compensation Court, Respondents.**

**No. 90593.**

Court of Civil Appeals of Oklahoma, Division No. 1.

May 1, 1998.

Rehearing Denied June 12, 1998.

Certiorari Denied Sept. 16, 1998.

---

1. *Parker v. State,* 1996 OK CR 19, 917 P.2d 980, *cert. denied,* — U.S. —, 117 S.Ct. 777, 136 L.Ed.2d 721 (1997).

*OPINION*

GARRETT, Judge:

¶1 Petitioner, Raymond Glenn (Claimant), filed his Form 3 in the Workers' Compensation Court, alleging he sustained a cumulative trauma injury arising out of and in the course of his employment with Respondent, Johnson Controls (Employer). He alleged he sustained injury to his ears due to overexposure to loud machinery, and that the date of last exposure was January 22, 1997, the same date he filed his Form 3. He alleged the length of his employment as 33 years. Claimant requested permanent partial disability (PPD). Employer responded, contending Claimant did not sustain an injury arising out of and in the course of his employment; that Claimant's Form 3 was not filed within the statutory period of time; that Claimant did not notify Employer of the injury within 60 days; and that no medical treatment or temporary total disability (TTD) payments had been paid to Claimant because none were requested.

¶2 On December 8, 1997, the trial court entered an order denying the claim as barred by the statute of limitations. The court made the following findings:

THAT the claimant has been employed by the respondent, and that such employment was subject to and covered by the provisions of the Workers' Compensation Act of the State of Oklahoma; that the claimant has sustained an accidental personal injury arising out of and in the course of said employment consisting of LOSS OF HEARING due to repeated trauma to the EARS from continued exposure to loud noise over a prolonged period; that claimant's first awareness of said noise was in 1974. (See Respondent's Exhibit # 1, report of DR. YOUNG and Respondent's Exhibit # 2.)

THAT claimant's claim for compensation was filed on JANUARY 22, 1997,

THAT the claim herein is barred by the statute of limitations.

¶3 Claimant's only proposition of error is as follows:

The mere fact that Glenn had an injury that caused some hearing loss in 1974 does

Susan Jones, Wilson Jones, Tulsa, for Petitioner.

Rose M.J. Sloan, Oklahoma City, for Respondents.

not bar him from recovering for subsequent hearing loss when there is medical evidence to establish that he suffered additional hearing loss after 1974.

¶4 Claimant filed a workers' compensation claim against Employer in 1974, alleging injury to his legs, both lungs and hearing loss to both ears. The court awarded him compensation for his right leg and his lungs, but denied the hearing loss claim with the following finding:

> That Claimant has sustained a loss of hearing in both ears, but no medical evidence has been presented to connect this to Claimant's employment with the above-named Respondent.

¶5 Claimant testified he has worked for Employer for more than 33 years. He contends that when a claim is made for a cumulative trauma injury, the statute of limitations begins to run from the date of last exposure. We agree, as 85 O.S. Supp.1997 § 43(A) so provides:

> A. The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation court ... *Provided further, however, with respect to disease or injury caused by repeated trauma causally connected with employment, a claim may be filed within two (2) years of the date of last trauma or hazardous exposure....* [Emphasis supplied.]

¶6 He contends additionally that since he still works for Employer, the statute of limitations in reference to any cumulative trauma claim has not yet commenced. He contends his situation is the same as that described in the dissenting opinion of *Rankin v. Ford Motor Co.*, 1996 OK 94, 925 P.2d 39, ¶10,

wherein it is opined that an employee who suffers a cumulative trauma injury and suffered additional cumulative trauma injury while continuing to work for the same employer, should be able to bring successive claims for increased impairment.[1] He contends that the evidence shows in the instant case that he suffered 17% binaural hearing loss and 2% impairment due to tinnitus after the 1974 hearing loss, and the trial court should have made a factual finding as to the apportionment of his total hearing loss between 1974 and the time of trial, citing *Encor Technologies, Inc., v. Cagle*, 1996 OK CIV APP 146, 932 P.2d 49.

¶7 Claimant testified there had always been a great deal of noise at his place of employment. He testified, however, that he had noticed his hearing had changed for the worse in the last four years. He testified he had not sought medical treatment for his hearing and he had not missed any work due to hearing loss.

¶8 Claimant's medical evidence, a written report dated February 20, 1997, from Dr. M., gives an opinion that Claimant sustained a hearing loss and that it was causally related to his employment:

> The injury to the claimant's ears (WCC# : 97–2019–K) occurred from repetitive and constant exposure to loud noises from motors, rivet guns, and other machinery over a period of 20 years while employed by Johnson Controls.
>
> . . .
>
> A. 15% monaural impairment as contributed by injuries of the left ear (hearing), and 27% monaural impairment as contributed by injuries of the right ear (hearing).
>
> Combining the worse ear and the better ear, it is my opinion, that the claimant incurred 17% binaural hearing impairment.

---

1. Justice Opala wrote, dissenting:

Because on-the-job aggravation of an earlier-compensated cumulative-effect injury, which produces increased impairment (or disability), is treated as another accidental personal injury within the meaning of the Workers' Compensation Act [85 O.S.1991 §§ 1 et seq.], a worker, who remains in the same employment and continues to be subjected to repeated micro traumatic harm on the job, may bring successive claims for increased impairment (or disability) from post-injury aggravation of the earlier-compensated condition. The date of injury for each new claim (based on post-injury aggravation) is established by reference to when the worker became aware (or should have been aware) of the enhanced post-injury pathology and its causal relationship to employment. [Footnote omitted.]

B. 2% permanent partial impairment to the whole body from tinnitus.

¶ 9 The medical evidence of Employer, a written report dated April 21, 1997, from Dr. Y., gives the following history:

[H]e states in 1973 he noticed difficulty hearing the television or conversations with background noise present. He states he had ringing in his ears. He denies on-the-job incidents or accidents involving sudden loud noises, explosions, or blows to his head. He states he attributes his hearing problems to his employment. This person refuses to put a date on the time when this was caused at his employment. He denies loss of time from work or seeking medical treatment due to hearing problems. He denies hearing tests performed prior to his employment for Johnson Controls. He states in 1972 to 1974 a hearing test was performed in a soundproof booth in Oklahoma City and he was told "he had sustained a hearing loss" by the physician who performed the test and he was told "the hearing loss was due to noise at work". He denies regular or periodic hearing tests performed. He states Dr. Lane told him "he had sustained a hearing loss, worse in the right ear". He states hearing aids were not recommended.

. . .

OPINION:

In my opinion, this person has sustained sixteen point nine (16.9) percent monaural hearing loss in the right ear, a nine point four (9.4) percent monaural hearing loss in the left ear, and a ten point six (10.6) percent binaural hearing loss.

In my opinion, this person has sustained no permanent partial impairment due to tinnitus.

It is also my opinion, this person, by history, has sustained no temporary total disability and he may continue in his present employment. He is in no further need of medical care.

¶ 10 In the current claim, the trial court made the finding that Claimant did sustain a work-related hearing loss due to repeated exposure to loud noise over a prolonged period of time, and that his first awareness of it was in 1974. He filed a claim for hearing loss in 1974, which was timely, and it was denied as not arising out of and in the course of his employment. The order denying the 1974 claim is final, and we cannot affect it in this case. Under Employer's medical evidence, Dr. Y. gave no opinion whether Claimant's hearing loss was employment related, and he was unable to pinpoint a period of time which the hearing loss represented *other than the hearing test in 1974.* We presume the evidence as far back as 1974 was considered at the time the 1974 claim was denied. Dr. Y.'s report neither refers to a hearing loss occurring *after* the 1974 claim, nor does it separate the pre '74 loss, which has been adjudicated, from the post '74 loss, and thus, under the employer's medical evidence there is no basis to make an award for the post '74 loss.

¶ 11 The statute of limitations in effect at the time of Claimant's 1974 claim was 85 O.S.1961 § 43:[2]

The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury or death, a claim for compensation thereunder shall be filed with the Commission.

The statute of limitations for filing a cumulative trauma claim, such as a hearing loss, arose when the claimant became aware of the injury and its causal connection to the employment. See *Southwest Factories, Inc. v. Eaton,* 1969 OK 77, 453 P.2d 1021.

■ ¶ 12 Although there was other evidence in the instant case of a hearing loss at a time after 1974, i.e., Claimant's testimony of increased difficulty hearing four years ago, and Dr. M.'s report referring to "about 20 years ago", the order is supported by Dr. Y.'s medical report submitted by Employer,

---

2. Section 43 was amended in 1985 to provide for a two year statute of limitations for cumulative trauma claims from the date of last trauma or hazardous exposure, which is similar to the version in effect when Claimant *filed* this claim. If Claimant had had a post–1974, pre–1985 claim

for hearing loss, for which the statute of limitations had not expired when the statute was amended in 1985, the claimant's claim would not be barred until two years from the effective date of the amendment. *Patton v. Word Industries,* 1989 OK CIV APP 60, 787 P.2d 871.

and this Court may not weigh the evidence. Findings of fact made by the trial court are binding and conclusive in review proceedings before this Court, unless they lack support in competent evidence. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. The probative value and weight to be given medical evidence is an issue for the Workers' Compensation Court's determination. See *Department of Public Safety v. Jones,* 1978 OK 64, 578 P.2d 1197. Evidence of one expert may be accepted while that of another may be rejected in whole or in part. *Department of Public Safety v. Jones,* supra. The trial court acted within its authority to find certain evidence more credible than other evidence.

¶ 13 The order of the Workers' Compensation Court is supported by competent evidence and is SUSTAINED.

JOPLIN, P.J., and JONES, V.C.J., concur.