Utah Carl COY, Petitioner,

v.

DOVER CORPORATION/NORRIS DIVISION, Liberty Mutual Insurance Company, and Workers' Compensation Court, Respondents.

No. 66428.

Supreme Court of Oklahoma.

May 9, 1989.

Bryce A. Hill, Frasier & Frasier, Tulsa, for petitioner.

Thomas E. Steichen, Kevin D. Berry, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for respondent, Dover Corp.

SIMMS, Justice:

The petitioner is a retired employee of respondent, Dover Corporation. Respondent corporation employed the petitioner for approximately fourteen and one-half years as a steelworker. The petitioner's job was to operate machinery used in forging sucker rods used in the oil and gas industry.

At least as early as 1975, the petitioner began experiencing hearing loss and was fitted with a hearing aid. At about the same time, the respondent began sponsoring hearing examinations at their place of business and conducting hearing safety seminars. Because the machinery used in its operations made a great deal of noise, in 1980 the respondent provided all of its employees with ear plugs and encouraged their use at all times.

Near the time of his retirement in 1982, the petitioner learned from other employees at Dover Corporation that he might be able to receive workman's compensation benefits for his hearing loss. Petitioner then contacted an attorney who, in turn, referred the petitioner to a doctor and filed a "form 3" claim for compensation.

A hearing on petitioner's claim was had before Judge Gary W. Sleeper of the Workers' Compensation Court. After hearing evidence, the judge ruled that petitioner's claim was barred by the one-year statute of limitation, 85 O.S.1981, § 43. This order was affirmed on appeal to the three-judge panel of the Workers' Compensation Court, one Judge dissenting; and again by the Oklahoma Court of Appeals, Division II, one Judge dissenting. That Court denied rehearing. We grant certiorari, vacate the opinion of the Court of Appeals and sustain the trial panel. In so doing, we voice our disapproval of the result reached by the Court of Appeals, Div. 4, in the case of *Buntin v. Sheffield Steel*, Okl.App., 707 P.2d 557 (1985).

## I.

A single question is presented on appeal: when does the statute of limitation, 85 O.S. 1981, § 43, begin to run for a cumulative effect injury resulting in hearing loss?

The question is not new to this Court. We are compelled to review it here because of a conflict of decisions arising out of the Oklahoma Courts of Appeals and the confusion that has arisen from the cases interpreting the rule set out in *Munsingwear Inc. v. Tullis*, Okl., 557 P.2d 899 (1976).

In *Munsingwear*, this Court stated that the test for limitations in a cumulative effect hearing loss claim is a two-prong awareness inquiry. The first prong of that test is met when the claimant becomes aware of the fact that he has an injury. At this initial stage, we are not concerned with causation *per se*, but rather with the physical *factum* of an injury. In the case now under review, it is uncontested that the petitioner was aware of the physical fact of his hearing loss no later than 1975, when he was fitted with a hearing aid.

The second awareness prong of *Munsingwear* goes to causation. This prong is met "at the time of [the petitioner's] awareness that the effect is causally connected with his job." 557 P.2d at 903. The statute of limitation under *Munsingwear* begins to run against a claim when the claimant is (1) aware of the *factum* of an injury, and (2) aware of a causal connection with his employment. We applied this same test only one year later in another hearing loss case: *Esmark/Vickers Petroleum v. McBride*, Okl., 570 P.2d 951, 954 (1977). Some years later, Division 4 of the Oklahoma Court of Appeals released its opinion in *Buntin v. Sheffield Steel*, Okl.App., 707 P.2d 557 (1985). It is the *Buntin* opinion which is the foundation for the apparent conflict with the decision of the Court of Appeals in this case.

In *Buntin*, the claimant was also a steelworker whose employment subjected him to excessive noise, resuling in hearing loss. The case was dismissed on limitations grounds at the trial court level; the Court of Appeals reversed based on its interpretation of *Munsingwear*.

In light of the manner in which *Buntin* would be applied in this case, we now think that the Court of Appeals too narrowly interpreted our *Munsingwear* holding. In *Buntin*, the claimant also knew that he had a hearing loss well in excess of one year before he filed his claim. However, in that case, the claimant had never been provided with any information which would put a reasonably prudent person on inquiry that protective measures, both legal and medical, would need to be taken. Testimony reproduced in the *Buntin* opinion showed that the claimant merely *suspected* that his loss of hearing was causally related to his employment. *Buntin,* supra, at 559. The Court of Appeals correctly recognized this point when it stated:

> "What the claimant KNEW with regard to the cause of his hearing loss ... and what he felt, thought or suspected to be the cause are two different things." *Buntin,* supra. (emphasis supplied).

However, the *Buntin* court unnecessarily departed from the *Munsingwear* approach when it added the requirement to the second awareness prong that the "claimant [receive] expert advice concerning the cause of his hearing loss" before the level of knowledge is reached which would satisfy this second prong and commence the running of the statute. 707 P.2d, at 560. This elevates "awareness" to actual knowledge of a medicolegal fact; which was never our intention in *Munsingwear.*

## II.

■ We hold that there is an implicit standard of reasonableness which determines when a claimant's level of awareness, both to the factum and to causation, satisfies the *Munsingwear* standards. It is therefore necessary to redefine the *Munsingwear* test for the commencement of the statute of limitations in cumulative injury/hearing loss cases. The statute of limitations begins to run against a claim for compensation for cumulative injuries resulting in hearing loss when the prospective claimant is possessed of facts which would make a reasonably prudent person similarly situated and of like educational background: (1) aware that he or she has an injury, and (2) aware that the injury is causally related to the working environment. We do not view this as a substantial departure from our earlier cases but, rather, a refinement of those cases that will be more in conformity with a large number of other jurisdictions.[1]

Our holding today also harmonizes with the recent amendment to section 43. See, c. 266 Okl.Sess.Laws 1985, § 4. Prior to this amendment, section 43 stated, with respect to cumulative effect injuries:

> "... with respect to disease or disability caused by disease causally connected with employment the right to claim compensation under the Workers' Compensation Act shall be forever barred unless a claim is filed within eighteen (18) months after the last hazardous exposure *or within eighteen (18) months after the disease first becomes manifest by a symptom or condition from which one learned in medicine could with reasonable accuracy diagnose this specific disease whichever last occurs."* 85 O.S. 1981, § 43. (emphasis added)

This provision of the statute was amended to state:

> "... with respect to disease or injury caused by repeated trauma causally con-

1. See e.g., *Hoth v. Valley Construction,* 671 P.2d 871 (Alaska 1983); *Pacific Fruit Express v. Industrial Commission of Arizona,* 153 Ariz. 210, 735 P.2d 820 (1987); *Fruehauf Corp. v. Workman's Compensation Appeals Bd.,* 68 Cal.2d 569, 68 Cal.Rptr. 164, 440 P.2d 236 (1968); *Industrial Commission v. Canfield,* 172 Colo. 18, 469 P.2d 737 (1970); *Riddle v. Brevard County Board of Public Instruction,* 286 So.2d 557 (Fla.1973); *Tomita v. Hotel Service Center,* 2 Haw.App. 157, 628 P.2d 205 (1981); *Peoria County Belwood Nursing Home v. Industrial Commission,* 115 Ill.2d 524, 106 Ill.Dec. 235, 505 N.E.2d 1026

(1987); *McKeever Custom Cabinets v. Smith,* 379 N.W.2d 368 (Iowa 1985); *Upham v. Van Baalen Pacific Corp.,* 420 A.2d 1229 (Me.1980); *Chambers v. Automatic Retailers of America,* 129 Mich.App. 344, 341 N.W.2d 136 (1983); *Bowerman v. Employment Security Commission,* 207 Mont. 314, 673 P.2d 476 (1983); *Cemer v. Huskoma Corp.,* 221 Neb. 175, 375 N.W.2d 620 (1985); *Smith v. Dowell Corp.,* 102 N.M. 102, 692 P.2d 27 (1984); *Banks v. St. Francis Hospital,* 697 S.W.2d 340 (Tenn.1985); *Hartman v. Ouellette Plumbing & Heating Corp.,* 507 A.2d 952 (Vt.1985).

nected with employment, a claim may be filed within two (2) years of the date of the last trauma or hazardous exposure. Provided further however, *in the case of asbestosis, silicosis or exposure to nuclear radiation causally connected with employment,* a claim may be filed within two (2) years from the date said condition first becomes manifest by a symptom or condition from which one learned in medicine could, with reasonable accuracy, diagnose such *specific* condition." 85 O.S. Supp.1987, § 43. (emphasis added)

We are convinced that, by limiting the "awareness" doctrine to the specific conditions of asbestosis, silicosis or nuclear exposure, the legislature has shown its intent that the statute of limitations on all other cumulative effect injury cases shall bar recovery if claims are not filed within two years of the last exposure. As this Court recently observed, the amended version of Section 43 clearly indicates the Legislature's intent "to limit the effectiveness of the "awareness doctrine" to the cases specifically mentioned [in the statute] and to preclude its application in all other cumulative trauma or hazardous exposure cases." *B.F. Goodrich Co. v. Williams,* Okl., 755 P.2d 676, 678 (1988). The amended statute is not, however, given retrospective application. *Goodrich,* supra. See, also: *Knott v. Halliburton Services,* Okl., 752 P.2d 812 (1988). Consequently, if the petitioner's cause was not time-barred by the earlier statute, petitioner would have had two years from the effective date of the amended version in which to file his claim. *Goodrich,* supra, at 678. We now turn to the question of whether application of the pre-amendment standards would result in petitioner's claim being time-barred.

### III.

■ Application of the reasonable man criteria and *Munsingwear* to the facts of this case show that the limitations period had run on petitioner's claim. The evidence presented at the hearing on December 16, 1985, showed that the petitioner *knew* that his hearing loss *could have been*

caused by conditions at work at least as long ago as 1980.

After taking an employer-sponsored hearing test, the petitioner was given a written report of the results. The pertinent provisions of that report state:

"The results of your hearing test showed some abnormal hearing loss for high pitched sounds (whistles, sirens, phones, women's voices and so forth). *There can be many causes for this type of hearing loss, such as* aging, heredity, injury, disease or *exposure to noises at work and at home.*

.    .    .    .    .

Due to the amount of hearing loss which you have in the high tones, *it is very important that you wear ear protection whenever you are exposed to loud noises, at work and at home.* This will provide you with protection against possible additional losses due to noise exposure." (emphasis added).

Record on appeal, pp. 20, 21.

In a portion of this report, the petitioner was advised that "Further evaluation by a medical ear specialist or by a clinical audiologist is recommended" and that the employer would provide "additional information" if the respondent wished to follow their recommendation of additional evaluation. The petitioner's signature appears on the first of these notices, dated July 17, 1980. We believe that a reasonably prudent person should have acted at that time to explore both his medical and legal alternatives. The petitioner was possessed of actual knowledge that he had suffered a hearing loss and of knowledge that his working environment very likely contributed to that loss. Accordingly, we hold that the petitioner's claim for compensation accrued no later than July 17, 1980, when he acknowledged receipt of the results of his hearing test. That being so, his claim for compensation, filed April 11, 1985, was time-barred.

### IV.

The decision of the Court of Appeals in *Buntin v. Sheffield Steel,* Okl.App., 707 P.2d 557 (1985) is overruled insofar as that

case would require actual medical diagnosis of a work-related cumulative effect hearing loss to commence the running of the statute of limitations, 85 O.S.1981, § 43. A cause of action for such an injury accrues when a prospective claimant is possessed of facts which would cause a reasonably prudent person similarly situated to be aware (1) an injury exists, and (2) there is a causal connection with employment conditions.

The order of the three-judge panel is SUSTAINED.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES and LAVENDER, JJ., concur.

DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., dissent.