**Richard ROBBINS, Petitioner,**

v.

**C–E NATCO and The Workers' Compensation Court, Respondents.**

**No. 65277.**

Supreme Court of Oklahoma.

July 18, 1989.

Frasier & Frasier by Wilson Jones and Bryce A. Hill, Tulsa, for petitioner.

Sanders & Carpenter by Jerry H. Holland and Arthur H. Adams, Tulsa, for respondents.

HODGES, Justice.

This case presents the question of when the statute of limitations begins to run on a job-related cumulative trauma hearing loss. Based on our recent holding in *Coy v. Dover Corp./Norris Div.,* 773 P.2d 745 (Okla.1989), we find that the order of the Workers' Compensation Court must be sustained as the petitioner was possessed of such facts (possibly as early as 1966) that meet the criteria set forth in the aforementioned case necessary to trigger the applicable statute of limitations.

The petitioner was employed by the respondent as a welder from 1963 to 1976. At that time he voluntarily left the respondent's employ and worked an additional 8 years as a welder for various employers. The petitioner testified at trial that while

he had some hearing problems that began approximately 3½ years after he started working for the respondent he did not have a doctor check his hearing until October 25, 1984, when he was advised that his hearing loss was a direct result of his job, more specifically, a result of his employment with the respondent. The claimant had filed his claim naming the respondent as his employer on October 16, 1984. The Workers' Compensation Court found the claim to be barred by the statute of limitations. The Court of Appeals reversed holding that *Buntin v. Sheffield Steel*, 707 P.2d 557 (Okla.App.1985) *cert. denied* (Oct. 16, 1985) controlled the matter. In the *Coy* case, supra, we overruled the *Buntin* decision insofar as that case requires a medical diagnosis prior to the commencement of the running of the statute of limitations period.

This situation is not affected by the legislative amendment to 85 O.S.Supp.1985 § 43 which became effective on November 1, 1985, as this Court has held that said amendment will not be applied retrospectively. *B.F. Goodrich Co. v. Williams*, 755 P.2d 676 (Okla.1988). Therefore, the question becomes whether the "awareness" doctrine criteria as set forth in *Coy*, supra, have been met in this case for purposes of determining if the one-year statute of limitations in the pre–1985 § 43 has been triggered.

In *Coy*, the claimant first experienced a hearing loss in 1975 but the causal connection between the claimant's job and the hearing loss was not confirmed by a doctor until 1982 when the claimant filed a claim against his employer. Despite the 1982 medical diagnosis we found that the claim was filed out of time and that the claimant was possessed of knowledge sufficient to put a reasonable man on notice of the causal connection between his hearing loss and his job at the time that he participated in an employer sponsored hearing test and was given a written report regarding his hearing loss, possible causes and suggestions for protecting his hearing in the future. This set of facts led us to overrule *Buntin* and redefine the two pronged awareness test for limitations originally set

forth in *Munsingwear, Inc. v. Tullis*, 557 P.2d 899 (Okla.1976), by stating:

> The statute of limitations begins to run against a claim for compensation for cumulative injuries resulting in hearing loss when the prospective claimant is possessed of facts which would make a reasonably prudent person similarly situated and of like educational background: (1) aware that he or she has an injury, and (2) aware that the injury is causally related to the working environment. *Coy*, 773 P.2d at 747.

In the case before us the petitioner testified that he first realized he had a hearing loss as early as 1966, 3½ years after he went to work for the respondent. The question of awareness of a causal connection was addressed at trial when the following testimony was received into the record:

Q: Now, when you started having those hearing problems did you realize it was the noise out there at C–E Natco that was causing those hearing problems?

A: Well, I thought it was, yeah.

Q: You thought it was? You thought it was the noise that was causing your hearing problems in 1966 or '67? Is that right, Mr. Robbins?

A. Uh-huh.

Q: Did you ever tell anybody in a supervisory capacity that you had suffered a hearing loss due to your noise exposure at C–E Natco?

A. Not that I remember.

Despite the petitioner's awareness of the causal relationship between his hearing loss and his job, he continued to work for the respondent until 1976 at which time he left his job with the respondent but continued working as a welder for the next 8 years with various employers. Eighteen years after he first noticed his hearing loss and thought it was job related, he filed a claim against the respondent.

The question of whether the applicable statute of limitations has run turns on a question of fact and, here, the facts have been determined by the trial court which denied compensation. As such, the trial court's factual determination will not be

disturbed on appeal if it is supported by the evidence. Application of the reasonably prudent person criteria to these facts leads us to the conclusion that this claimant was aware of the causal connection between his hearing loss and his job related activities for many years prior to the time he filed his claim in 1984. Thus, this claim was not filed within one year after the statute of limitations had been triggered and it is therefore barred.

COURT OF APPEALS' OPINION VACATED. ORDER OF THE WORKERS' COMPENSATION COURT SUSTAINED.

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER, SIMMS, DOOLIN, JJ.

WILSON, KAUGER, SUMMERS, JJ., dissents.