**B.F. GOODRICH COMPANY, Own Risk, Petitioner,**

**v.**

**Charles EASLEY, Respondent.**

**No. 70630.**

Supreme Court of Oklahoma.

Feb. 26, 1991.

W. Neil Wilson, Wallace, Owens, Landers, Gee, Morrow, Wilson, Watson, James and Coiner, Miami, for petitioner.

Bryce A. Hill, Frasier & Frasier, Tulsa, for respondent.

SIMMS, Justice:

The respondent, Charles E. Easley, is a retired employee of the petitioner, B.F. Goodrich Company. For over thirty years of employment with Goodrich, Easley's duties included some heavy lifting. On October 15, 1986, Easley filed a Form No. 3 with the Workers' Compensation Court alleging an accidental injury to his lower back on March 1, 1982.

A doctor examined Easley on October 14, 1986, and submitted a medical report dated December 12, 1986 which related the cause of Easley's lower back pain to his employment with Goodrich. Goodrich answered with general and specific denials and asserted that the statute of limitations had run and the cause was barred. The matter was submitted to the trial court on the record, including a stipulation that the medical report of Goodrich's doctor would show no impairment to Easley.

The trial court found that the claim was not barred by the statute of limitations and that Easley had sustained an accidental injury to his back due to cumulative trauma resulting in 7.5% permanent partial disability.

Petitioner first appealed the ruling to the en banc panel which affirmed, then appealed the case to this Court which assigned it to the Court of Appeals, Division IV. The Court of Appeals affirmed, grounding its decision upon *Buntin v. Sheffield Steel*, Okla.App., 707 P.2d 557 (1985) and *Wilson Foods Corp. v. Noble*, Okla.App., 613 P.2d 485 (1980). We granted certiorari because this Court recently overruled *Buntin* in *Coy v. Dover Corporation/Norris Division*, Okl., 773 P.2d 745 (1989). Following the teaching of *Coy* in relation to the running of the statute of limitations, we vacate the decision of the Court of Appeals and reverse the trial court.

The objectionable portion of *Buntin* involved the Court of Appeals interpretation of the "awareness" doctrine we announced in *Munsingwear Inc. v. Tullis*, Okl., 557 P.2d 899 (1976). Under *Munsingwear* the statute of limitations begins to run on a cumulative effect accident when the claimant becomes aware that he has suffered some defect or ill effect and that it is causally connected with his job. In *Buntin*, the Court of Appeals elevated the "awareness" of a claimant's injury and its causation to a level requiring "actual knowledge of a medico-legal fact." *Coy*, 773 P.2d, at 747. In *Coy*, we explained our earlier holding by noting that an "implicit standard of reasonableness" exists as to the claimant's awareness under the correct interpretation of *Munsingwear*. We cleared up any misunderstandings by further holding as follows:

> "The statute of limitations begins to run against a claim for compensation for cumulative injuries resulting in hearing loss when the prospective claimant is possessed of facts which would make a reasonably prudent person similarly situated and of like educational background: (1) aware that he or she has an injury, and (2) aware that the injury is causally related to the working environment." *Coy*, 773 P.2d, at 747.

■ This standard must be applied to the statute of limitations applicable at the time of injury. Easley claims that the accidental injury occurred on March 1, 1982. Thus, 85 O.S.1981, § 43 applies here. *See: Redwine v. Baptist Medical Center of Oklahoma*, Okl., 679 P.2d 1293, 1294–295 (1983) and *Magnolia Petroleum Co. v. Watkins*, 177 Okl. 30, 57 P.2d 622, 623 (1936). Section 43 provides that the right to claim compensation under the Workers' Compensation Act is barred unless the claim is filed within one (1) year after the injury. In applying *Coy* to this provision we must find that Easley's claim is barred unless he filed his claim within one year of the date he was in possession of facts which would make a reasonably prudent person similarly situated and of like educational background aware that he had an injury which was causally related to his work at Goodrich. However, we may not independently review factual determinations regarding Section 43 which are made by the Workers' Compensation Court where those determinations are reasonably supported by the evidence. *Munsingwear, Inc. v. Tullis*, Okl., 557 P.2d 899, 902

(1976); *Sooner Construction Co. v. Brown,* Okl., 544 P.2d 500, 502 (1975).

No trial was held and no evidence other than the stipulation and medical report was presented to the trial judge. The only evidence evenly remotely related to the statute of limitations was a statement in the medical report of Easley's physician. Therein, the doctor reported:

> "He states he has never been told that his problems are related to his employment in any way or that he could seek compensation for any chronic low back problems related to his employment at B.F. Goodrich."

Such a statement may reveal the state of mind of Easley at the time of his examination by the physician. However, it does not indicate whether a reasonable person in Easley's situation with his educational background would have been "aware" under *Coy.* Pursuant to the requirements of *Munsingwear* and *Coy,* this evidence does not reasonably support a finding that Easley's claim was not barred by the statute of limitations. The trial court should have heard evidence on the issue of whether Easley was "aware" as that term is used in *Coy.*

Therefore, we VACATE the opinion of the Court of Appeals, REVERSE the decisions of the en banc panel and the trial court, and REMAND the cause for further proceedings not inconsistent with this holding.

OPALA, C.J., HODGES, V.C.J., LAVENDER, DOOLIN and HARGRAVE, JJ., concur.

ALMA WILSON, J., dissents.

KAUGER, Justice, dissenting:

In my view, certiorari was improvidently granted.

SUMMERS, J., dissents, and joins KAUGER, J.