The WILLIAMS COMPANY, Own Risk, Petitioners,

v.

Robert E. LAWRENCE and the Workers' Compensation Court, Respondents.

No. 73120.

Supreme Court of Oklahoma.

Jan. 21, 1992.

As Corrected Jan. 23, 1992.

Gary W. Sleeper, Wiles & Sleeper, Oklahoma City, for petitioner.

William H. Brogden, Oklahoma City, for respondent.

LAVENDER, Justice.

The issue presented is whether the statute of limitations bars Petitioner's claim for a job-related cumulative effect hearing loss. We answer affirmatively.

The facts of this claim are basically undisputed. Respondent Lawrence (Claimant below) had been employed by Petitioner (The Williams Company) for thirty-six (36) years. Respondent's job exposed him to loud noises from gas compressor engines, lawn mowers, radios, loud horns on telephones and warning horns. Around 1965, Respondent was advised by Dr. J.V.D. Hough, an otologist that he had suffered a hearing loss in both ears. Dr. Hough advised Respondent that he should avoid exposure to excessive noises in order to avoid further hearing loss. Respondent continued to work for Petitioner until he retired in June, 1987.

Respondent filed a Form 3 for loss of hearing on May 9, 1988, and the case was tried on September 12, 1988. The trial judge determined that the claim was barred by the statute of limitations pursuant to *Bodine v. Crane Carrier* [1] in that Respondent was aware of his job related hearing loss as early as 1966 [2] and that the action

---

1. 755 P.2d 675 (Okla.1988).

2. Q. Mr. Lawrence, you went to see Dr. Hough in 1966 because you were having problems with your hearing; is that right, sir?

was not revived by the 1985 amendment to 85 O.S.1981 § 43.

Respondent appealed to the Workers' Compensation Court Three–Judge Panel which unanimously vacated the trial judge's order. The Court of Appeal's decision summarily sustained the Three–Judge Panel's order. We previously granted certiorari.

■ We have reviewed the *Bodine* decision and find it applicable here. There, as here, the claim was for loss of hearing and it became barred by the one year statute prior to the effective date of 85 O.S.Supp. 1985 § 43. There, as here, the claimant continued working and yet failed to file a timely claim.

The review panel when it reversed the trial judge found that the claimant was not "aware" of the extent of additional hearing loss he suffered after October 20, 1965 and so the statute did not start running as to such additional loss and his claim was timely. The claimant's awareness of his hearing loss and its job-relatedness was not limited by the then known extent of his hearing loss anymore than the claimant in *McDonald v. Time–Dc, Inc.,*[3] was effected by his failure to know the full extent of his injuries until after his claim was barred. In both cases, the "accident" which started the running of the limitation period was the significant event. In *McDonald,* we pointed out that in a cumulative trauma injury the "accident" which gives rise to the claim becomes such when the worker becomes aware of the "defect" and of its job relatedness. *See National Tank Co. v. Barnfield*[4] and particularly *Munsingwear, Inc. v. Tullis,*[5] wherein appears the following language:

> Under the circumstances of a cumulative effect accident, the accidental injury, which accompanies the accident, occurs (1) at the time of claimant's awareness, or discovery, of a 'defect' or 'ill effect' caused to the claimant; and (2) at the time of his awareness that the effect is casually connected with his job, it is then, the limitation period of one year begins to run under § 43. *It is then, the accident has occurred and carries with it the accompanying injury. At that point and time, the cumulative accident is no different than the single event accident from a limitation issue.*

■ No cases are cited and we know of none which divides a hearing loss claim by degrees of the hearing loss—some of which claimant was aware and some not. A hearing loss claim caused by repeated small traumatic episodes or occurrences is not divisible in such a manner, but is one single accident.

In truth, *Bodine*[6] does control this case and the Three–Judge Panel and the Court

A. I suspected I had a hearing problem.
Q. Dr. Hough told you exactly that, didn't he?
A. It was fairly minor if it was.
Q. He sent you a copy of that report—
A. Um-hum. (Transcript of Proceedings at 18).
Q. Sir, you have previously testified that you received a copy of Dr. Hough's report of April 28th; is that correct?
A. That is twenty-some years ago.
....
Q. At that point in time, when this letter was written, were you advised by Dr. Hough, by a copy of this report, to avoid extreme noise in order to avoid damage from further overexposure to noise?
A. Yes, sir. (Transcript of Proceedings at 23–24).

**3.** 773 P.2d 1252 (Okla.1989).

**4.** 559 P.2d 437 (Okla.1977).

**5.** 557 P.2d 899, 903 (Okla.1976) (emphasis added).

**6.** However, *Bodine* is not the only case in which this issue has been addressed. *See also Coy v. Dover Corp./Norris Div.,* 773 P.2d 745 (Okla. 1989) ("[P]etitioner knew that his hearing loss could have been caused by conditions at work.... [and] a reasonably prudent person should have acted at the time to explore both his medical and legal alternatives. The Petitioner was possessed of actual knowledge that he had suffered hearing loss and of knowledge that his working environment very likely contributed to that loss."); *Robbins v. C–E Natco,* 777 P.2d 939 (Okla.1989) ("Application of the reasonably prudent person criteria to these facts leads us to the conclusion that this claimant was aware of the causal connection between his hearing loss and his job related activities for many years prior to the time he filed his claim in 1984. Thus, this claim was not filed within one year after the statute of limitations had been triggered and it is therefore barred.").

of Appeals should have followed it. In *Bodine,* we held:

> In the present case the combination of information gained from a health care professional and the unequivocal statement that claimant had attributed his injury to his employment at least five years prior to the filing of his claim provides competent evidentiary support for the finding that claimant's cause of action arose under 85 O.S.1981 § 43 and was time barred by the operation of that provision's one year limitations period.
>
> Regarding claimant's argument that 85 O.S.Supp.1985 § 43 should be given effect in this case, we would note that neither this Court nor the Legislature has the power or authority to revive a cause of action which has become barred by lapse of time.[7]

By statute, this court is directed to give priority to workers' compensation cases.[8] We are not unmindful of the significant length of time many of these cases necessitate to reach a final adjudication. We therefore, find it particularly vexing to have a case presented to us where there is competent evidence to support the verdict, the law is well settled and yet, the end result has been unnecessarily delayed.

### CONCLUSION

For the reasons herein specified, both the Court of Appeals' opinion and the order of the Three–Judge Panel are VACATED. The trial court's order is SUSTAINED.

OPALA, C.J., HODGES, V.C.J., and SIMMS, DOOLIN and HARGRAVE, JJ., concur.

ALMA WILSON, KAUGER and SUMMERS, JJ., dissent.

---

**7.** *Bodine,* 755 P.2d at 676 (citations omitted).

**8.** 85 O.S.Supp.1990 § 3.6.