**Chester PROPHET, Petitioner,**

**v.**

**VICKERS, American Motorist Insurance Company and the Workers' Compensation Court, Respondents.**

**No. 73907.**

Supreme Court of Oklahoma.

June 23, 1992.

Wilson Jones, Tulsa, for petitioner.

Michael D. Gilliard, McGivern, Scott, Gilliard, McGivern & Robinson, Tulsa, for respondents.

## MEMORANDUM OPINION

SIMMS, Justice:

Chester Prophet filed a claim in March, 1988, for workers' compensation benefits for cumulative effect loss of hearing resulting from his employment with Vickers. Claimant had worked for Vickers for some twenty years, seventeen of which he was employed as a machinist. His date of last exposure to the workplace noise was November, 1986. In the 1970's, after working for Vickers for six or seven years, Prophet's hearing was tested by an audiogram while serving with the National Guard. The technician performing the test informed him that he had sustained considerable hearing loss and claimant attributed the loss to his work as a machinist at Vickers at that time.

The trial judge found Prophet's claim barred by the statute of limitations and that ruling was upheld by the Three–Judge

**70.** *See supra* notes 15 and 67.

Panel of the Workers' Compensation Court. The Court of Appeals, Division 4, reversed that order basing its judgment on the finding that the Panel's ruling was inconsistent with a previous decision issued by that division: *Williams Company v. Lawrence,* No. 73,120, June 26, 1990. In that matter the Court of Appeals held the worker's 1988 claim for cumulative hearing loss was barred by the statute of limitations *only* up to the point in 1965 when he had been advised of injury by a doctor, but held that he was not barred as to any increased hearing loss arising from his employment after 1965.

Relying on that decision here, to the exclusion of all relevant Supreme Court decisions, the Court of Appeals ruled that Claimant Prophet would be time-barred as to any hearing loss incurred prior to the National Guard's audiogram in the 1970's, but that any increase in his hearing loss occurring after that point would not be barred.

■ The Court of Appeals' opinion in *Williams v. Lawrence,* has since been vacated. We granted certiorari, vacated the opinion and sustained the trial court's order finding that the statute of limitations had run and that the worker's claim had not been revived by the 1985 amendment to 85 O.S.1981, § 43. In *Williams Company v. Lawrence,* 824 P.2d 1134 (Okla.1992), we noted that there is no support for the position that a hearing loss is divisible. To the contrary, it is but a single accident. It is not possible to divide a claim by degrees, some which claimant was aware of at the time he learned of his hearing loss and some of which he was not.

■ In the instant matter, as in *Williams,* claimant knew of his hearing loss and had attributed the injury to his employment long before his compensation claim was filed. His claim arose under 85 O.S.1981, § 43 and was barred by operation of that statute's one year period, as properly found by the trial court and the Three–Judge Panel. *Williams Company v. Law-*

*rence,* supra; *Bodine v. Crane Carrier,* 755 P.2d 675 (Okl.1988); *Coy v. Dover Corporation,* 773 P.2d 745 (Okl.1989); *Munsingwear v. Tullis,* 557 P.2d 899 (Okl.1976).

Certiorari has been previously granted. We vacate the opinion of the Court of Appeals and sustain the order of the Three–Judge Panel.

OPALA, C.J., and LAVENDER, HARGRAVE and WATT, JJ., concur.

HODGES, V.C.J., and ALMA WILSON, KAUGER and SUMMERS, JJ., dissent.