**PUBLIC SERVICE COMPANY OF OKLAHOMA, Petitioner,**

v.

**Benny Richard ALLEN and the Workers' Compensation Court, Respondents.**

**No. 77576.**

Supreme Court of Oklahoma.

June 21, 1994.

Charles S. Plumb, Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, for petitioner.

W.E. Sparks, Tulsa, for respondents.

SIMMS, Justice:

This proceeding to review an order from the Three Judge Panel of the Workers' Compensation Court arose from the claim of Benny Richard Allen, respondent, filed against Public Service Company of Oklahoma (PSO). The panel affirmed the order of the trial judge which determined Allen had sustained an occupational disease warranting workers' compensation benefits. The Court of Appeals affirmed the panel holding the case was governed by the discovery rule pronounced in *Coy v. Dover Corp./Norris Div.*, 773 P.2d 745 (Okla.1989). Certiorari was granted to

consider the application of *Coy* in this case. We find the discovery rule of *Coy* inapplicable in this case because the trial court found the last exposure to asbestos to have occurred shortly before the claim was filed. The opinion of the Court of Appeals is vacated and the order of the Workers' Compensation Court is sustained.

Allen began working for PSO in 1957 and was continuously exposed to high levels of asbestos over a sixteen (16) year period while working at PSO's Tulsa facility. In 1973, Allen was transferred to another facility, Riverside, where he continued to work through the date of trial. On July 3, 1984, PSO had Health Evaluation Programs, Inc. (HEP) come out to the worksite and conduct an examination including chest x-rays and spirometric tests upon Allen. During July, 1984, HEP sent a copy of the examination results and a report to Allen. The report noted that there were "findings consistent with asbestosis". Allen also received a letter in September, 1984, from Dr. Douglas Moore, the medical director at PSO at the time. This letter advised Allen as follows:

> "On reviewing your health report done by HEP, you were noted to have an abnormal chest x-ray. You have been found to have some scarring of the lung tissue which could be consistent with exposure to asbestos. Because of this, we feel that [sic] is very important for you to comply with the company's recommendations on asbestos exposure and respirator program. Your family physician should review your chest x-ray and perform a physical examination within the next thirty to forty-five days."

Dr. Charles Lilly, Allen's family physician, examined the x-rays and sent Allen to another doctor for more x-rays, but Allen was never told that he had asbestosis. In 1987, HEP conducted another examination which again indicated findings consistent with asbestos exposure. As a result of this examination, Allen went to see another physician, Dr. Fred Garfinkle, in November, 1987, who informed Allen in March, 1988, that Allen had asbestosis, an occupational disease.

There is no dispute as to the fact that Allen developed asbestosis as a result of working at PSO. The dispute arises as to when the last hazardous exposure to asbestos occurred. PSO asserts that Allen's last exposure to asbestos which could have caused an occupational disease was at the Tulsa facility in 1973 because the only asbestos at the Riverside facility was found in gloves and welding blankets used as insulators. Louis Hosek, the manager of Environmental and Occupational Health at PSO, testified the gloves and blankets contained asbestos in a non-friable matrix whereby the asbestos fibers cannot become airborne. Testing on insulation and other materials at the Riverside facility revealed no asbestos except for two paper products. Air monitoring at the Riverside facility detected no asbestos in the air.

Hosek conceded that he knew of no comprehensive study of the effects or health risk of non-friable asbestos as used in the gloves and blankets. He further admitted that the gloves and blankets were removed from PSO facilities per company policy. Moreover, Hosek agreed that differing theories exist as to how much asbestos one must be exposed to in order to get asbestosis. Hence, despite PSO's claim, the evidence was not conclusive that Allen was only exposed to asbestos at the Tulsa facility.

The applicable statute of limitations, 85 O.S.Supp.1986, § 43 provides, in pertinent part, as follows:

> "... Provided further however, *in the case of asbestosis,* silicosis or exposure to nuclear radiation causally connected with employment, *a claim may be filed within two (2) years of the date of last hazardous exposure* or within two (2) years from the date said condition first becomes manifest by a symptom or condition from which one learned in medicine could, with reasonable accuracy, diagnose such specific condition, *whichever last occurs."* (Emphasis added).

■ Thus, if Allen brought his claim within two years of his last exposure the claim was timely. Furthermore, the statute of limitations defense is not a jurisdictional question and is not independently reviewed by this Court. *Special Indemnity Fund v. Choate,* 847 P.2d 796 (Okla.1993). Further-

more, the defense being an affirmative one, PSO has the burden to show Allen's claim was time-barred by the applicable statute of limitations. *Id.* If the factual determination made by the trial court on the issue is reasonably supported by the evidence, this Court will not disturb it on review. *Ibid.*

█ The Workers' Compensation trial court found that the last date of injurious exposure was February 14, 1989, approximately two weeks before the claim was filed. In addition, the trial court specifically held the statute of limitations had not run, i.e. the claim was timely filed under § 43. Both the factual finding and the legal conclusion are reasonably supported by the evidence, and we will not disturb it. *Choate, supra.* Consequently, we need not determine when the condition first became manifest so that a medical diagnosis could reasonably have been made under § 43. The discovery rule of *Coy* did not come into play in this case.

For the above and foregoing reasons, the opinion of the Court of Appeals is VACATED and the order of the Workers' Compensation Court is SUSTAINED.

All the Justices concur.