1997 OK CIV APP 89

**Arthur CUMMINGS, Petitioner,**

v.

**JONES TRUCK LINES, National Union Fire Insurance, and the Workers' Compensation Court, Respondents.**

No. 89737.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 5, 1997.

1995, c. 340, § 3, eff. Jan. 1, 1996.

Henry Dalton, Oklahoma City, for Petitioner.

Paul A. Scott, David Ramsey, Oklahoma City, for Respondents.

## MEMORANDUM OPINION

CARL B. JONES, Presiding Judge:

¶1 Claimant, Arthur Cummings, filed a Form 3 alleging on-the-job cumulative trauma hearing loss while employed by Respondent, Jones Truck Lines, and requesting permanent partial impairment for that injury. Respondent's Form 10 states as affirmative defenses that the claim is barred by the statute of limitations and the Oklahoma Court does not have jurisdiction in this matter. This cause was tried in April of 1997. The trial judge issued an order denying compensation based on the statute of limitations. The trial judge found that Claimant failed to sustain his burden of proof regarding exposure after May 21, 1991. The judge also found Claimant's last alleged injurious exposure in the State of Oklahoma to have occurred prior to May of 1991. The next finding was that Claimant failed to file his Form 3 until July 8, 1993. The last findings were that the claim was barred by the statute of limitations and was denied. This order was affirmed unanimously by a three-judge panel on appeal. This review proceeding then ensued.

¶2 The evidence in this case supports the following factual scenario: (1) Claimant was hired in Springdale, Arkansas as an over-the-road driver for Respondent and drove through Oklahoma frequently thereafter; and, (2) Claimant worked for Respondent for ten years and drove through Oklahoma for the first nine and one-half of those years. The evidence supports a conclusion that Claimant worked for Respondent until July 8, 1991. There is also evidence that he had not been in Oklahoma since May, 1991.

¶3 Claimant poses the issue in this case as whether the statute of limitations runs two years from the date of last exposure, or two years from the last time he drove through Oklahoma. Formulating the issue in this manner ignores the fact that Claimant was hired in another state, a fact that turns out to be fundamentally important here. Claimant's first proposition states that the Oklahoma Workers' Compensation Court has jurisdiction over injuries occurring within the State of Oklahoma.

¶ 4 The first proposition raised by Claimant is that the Workers' Compensation Court has jurisdiction over injuries occurring within this State, and as the Respondent admits, although Claimant was not hired in Oklahoma, Claimant may proceed with such a claim. *Beck v. Davis*, 1936 OK ——, 175 Okla. 623, 54 P.2d 371. Conversely, the Workers' Compensation Court also has jurisdiction to hear claims filed under this State's act regardless of where the injury occurred when the employment contract was entered into within this State. *Driver Management, Inc. v. Miller*, 1995 OK APP 137, 908 P.2d 815. It has been said that the question of the existence of a hiring within the State is a jurisdictional question, and this court is required to decide it independently based upon a *de novo* review of the record. *Garrison v. Bechtel*, 1995 OK 2, 889 P.2d 273. A review of the record and transcript leaves no room for debate as to the fact that Claimant was hired in Springdale, Arkansas. That is what Claimant unequivocally stated in the transcript and there is no argument in the record or briefs about the correctness of that testimony.

¶ 5 The Claimant additionally asserts that a cumulative trauma is not divisible, *Prophet v. Vickers*, 1992 OK 85, 833 P.2d 1231, and in this he is certainly correct. But he then argues that the Workers' Compensation Court has attempted to divide Claimant's cumulative trauma into separate time periods for purposes of the statute of limitations. The Workers' Compensation Court does not have jurisdiction to hear a claim for injuries sustained outside of the State of Oklahoma unless Claimant's contract of employment was entered into within the State of Oklahoma. 85 O.S.1991 § 4, *Cherokee Lines, Inc. v. Bailey*, 1993 OK 111, 859 P.2d 1106. What the lower court was doing was inquiring into the presence or absence of an injury within the State of Oklahoma which occurred within the period of the statute of limitations in order to determine if it was compensable under Oklahoma law. The injury is not divisible. If Claimant had driven through Oklahoma and contributed to his cumulative trauma injury just once within the period of the statute of limitations, the whole injury would have been compensable in the Oklahoma compensation forum.

¶ 6 Claimant's last date of exposure was July 8, 1991, within the two year statute of limitations, to the day. However, his last exposure in *Oklahoma* was in May of 1991, and the claim was filed on July 8, 1993. Consequently, there was no last exposure to the cumulative trauma in Oklahoma within the two year statute of limitations found in 85 O.S.1991 § 43. There is no injury within the State of Oklahoma within the period of limitations and therefore there is no liability here since the employment contract was made in Arkansas.[1] Consequently, the determination of the three judge panel affirming the order of the trial judge must be and is, sustained.

SUSTAINED.

ADAMS, C.J., and GARRETT, J., concur.

---

1. Under the provisions of 85 O.S.1991 § 4, there obviously has been liability under the aforementioned extraterritoriality proviso of the statute for injuries outside the State of Oklahoma when the contract of employment was made in the State of Oklahoma.