1999 OK CIV APP 5

**Bonnie L. SIMMONS, Petitioner,**

v.

**B &. M COLLISION INC., The State Insurance Fund, and the Workers' Compensation Court, Respondents.**

**No. 91224.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 13, 1998.

Certiorari Denied Jan. 14, 1999.

---

Kenneth L. Wood, Boettcher, Ryan & Martin, Oklahoma City, for Petitioner.

Peter J. Mills, Groom, Hammond & Harris, P.C., Oklahoma City, for Respondents.

## OPINION

ADAMS, Judge:

¶ 1 Bonnie Simmons (Claimant) asks us to set aside an order of a three-judge panel of the Workers' Compensation Court which affirmed a trial court order denying her claim for permanent partial disability benefits due to cumulative trauma injury allegedly sustained while employed by B & M Collision, Inc., (hereinafter Employer collectively with its insurer, the State Insurance Fund). The basis for the trial court's denial was that Claimant "does not constitute an 'employee' as defined by the Workers' Compensation Act, 85 O.S. § 3(4)." [1]

■■■ ¶ 2 Because the existence of an employee-employer relationship is a "jurisdictional fact," we are required to decide this case based upon a *de novo* review of the record. We will review the entire record, weigh the evidence and make independent

1. The definition of "employee," in effect when Claimant filed her Form 3, 85 O.S.Supp.1996 § 3(4), although renumbered as 85 O.S.Supp. 1997 § 3(6) effective November 1, 1997, was substantively the same as when the matter was tried in February 1998. Section 3(4), in pertinent part, provided:

any person engaged in the employment of any ... company or corporation covered by the terms of the Workers' Compensation Act.... Sole proprietors ... or any stockholder-employees of a corporation who own ten percent (10%) or more stock in the corporation may elect to include the sole proprietors ... or any or all stockholder-employees as employees, if otherwise qualified, by endorsement to the policy specifically including them under any policy of insurance covering benefits under the Workers' Compensation Act. When so included, the sole proprietors ... or any or all stockholder-employees shall be deemed to be employees as respects the benefits of the Workers' Compensation Act.

findings of fact. *Hefley v. Hefley*, 1995 OK CIV APP 143, 915 P.2d 389.

¶ 3 The relevant facts are undisputed: Since 1989, Claimant, the owner, president and sole proprietor of B & M Collision, Inc., an auto body repair business with several employees, has worked 12 hour days performing heavy labor including moving large auto parts and making repair estimates. On May 31, 1996, after being sick all day at work, Claimant went to the emergency room and was admitted to the Comanche County Memorial Hospital with symptoms including dizziness, nausea and abdominal pain. She ultimately was diagnosed as having, *inter alia*, a hiatal hernia.

¶ 4 On March 13, 1997, Claimant filed a Form 3 alleging a "hernia/abdomen" single incident injury occurring on May 30, 1996, caused by the lifting of automotive parts. After Claimant moved for a trial date on the issues of medical treatment and hernia benefits, Employer filed a Form 10 denying the claim because "Claimant is stockholder/employee owning in excess of 10% stock in corporation & did not elect to be covered by policy," which affirmative defense was later amended to simply "non coverage for owner/claimant." On September 10, 1997, Claimant amended her Form 3, indicating May 30, 1996, as the date of last exposure, and a month later moved for a trial date on the issues of permanent partial disability and "continuing medical."

¶ 5 At the hearing held on February 5, 1998, the parties made two stipulations: (1) on May 29, 1996, Claimant submitted a form to the State Insurance Fund removing herself as an stockholder/insured party under B & M Collision's workers' compensation policy; and (2) beginning May 30, 1996, Claimant was no longer covered or endorsed by Employer's policy. Claimant testified that: (1) she had problems "on and off" with her stomach upon eating, lifting or bending, either at work or at home, "probably a couple of weeks" before she went to the hospital on May 31, 1996; (2) she did not seek medical treatment for her stomach prior to May 31, 1996; and that (3) she did not know what was causing those problems. Claimant's medical report, prepared by Dr. E., disclosed, *inter alia*, that Claimant "has not missed any work as a result of her hiatal hernia."

¶ 6 Relying on *Parsons v. OXY USA, Inc.*, 1998 OK CIV APP 43, 964 P.2d 913,(mandate issued April 17, 1998),[2] the trial judge denied Claimant's benefits claim after finding that: (1) Claimant's injury date was May 31, 1996, at the earliest; (2) Claimant was not covered by Employer's workers' compensation policy on that date; and that (3) Claimant is not an "employee" as defined by the Workers' Compensation Act (the Act). After the trial judge's order was affirmed by a divided three-judge panel on *en banc* appeal, Claimant filed this review proceeding.

¶ 7 Contending that *Parsons* is inconsistent with the Court's holding in *Rankin v. Ford Motor Co.*, 1996 OK 94, ¶ , 925 P.2d 39, 40—"that the 'time of injury' as that term is used in 85 O.S.1991 § 21 is the date on which claimant first becomes aware of an injury," Claimant argues in her first proposition that she noticed her symptoms of the hiatal hernia *at work* at least two weeks before she elected to cancel her workers' compensation coverage. Therefore she argues her "time of injury" predates the cancellation by two weeks and her cumulative trauma injury should be covered by the policy in effect at that time. Based on her contention of when she first became aware of an injury, Claimant argues in her second proposition that she was a covered "employee" and therefore subject to the Act.

■ ¶ 8 We disagree with Claimant's arguments for two reasons. First, the holding Claimant cites from *Rankin* is a general statement regarding the "awareness doctrine," intending only to clarify the Court's position that the Legislature's change of the limitations period for cumulative trauma

**2.** In paragraph 6 of its order filed February 28, 1998, the trial court cited *Parsons*, 1998 OK CIV APP 43, ¶ 11, 964 P.2d 913, as authority for the following statement—"[t]he date of injury in a cumulative trauma case is '... the date on which the claimant's condition forces him or her to seek medical treatment, the date on which the claimant's condition worsens to the point where [the] claimant is no longer able to work, or the date on which the claimant receives specific medical advise about the condition.'"

cases to the date of last trauma or hazardous exposure[3] *did not change* the date for ascertaining a disability or for establishing the applicable rate of compensation in cumulative trauma cases. Unlike *Parsons,* the issue in *Rankin* did not involve the determination of the date when the claimant became aware of the injury. *Rankin* did not elaborate on the two prongs of the "awareness doctrine," under which the "date of awareness" occurs when a claimant is possessed of facts which would make a reasonably prudent person similarly situated and of like educational background: (1) aware that he or she has an injury, and (2) aware that the injury is causally related to the working environment. *See Coy v. Dover Corporation/Norris Division,* 1989 OK 71, 773 P.2d 745.[4]

■ ¶9 Second, Claimant's arguments fail to consider her own testimony that she did not know what was causing the symptoms she experienced two weeks prior to the policy cancellation, and it is undisputed that she did not find out that the stomach problems she experienced "at work" were something more than a transient viral condition until *after* her trip to the hospital on May 31, 1996. Although we might not agree with the precise language of *Parsons,* under *Esmark/Vickers Petroleum v. McBride,* 1977 OK 189, 570 P.2d 951, the case upon which Claimant contends *Parsons* improperly relied, it is clear that a subjective knowledge of symptoms and knowledge of a connection of the symptoms and work is not necessarily equivalent to "awareness." It must be cou-

pled with some knowledge of the effect of the symptoms causing disability of a permanent nature.

¶10 There is competent evidence that under the applicable law Claimant did not become "aware" of her injury, as that term is used in *Esmark/Vickers,* until *after* she was no longer covered under Employer's workers' compensation policy, *i.e.,* no longer an "employee" as defined by the Act. The order of the three-judge panel is sustained.[5]

SUSTAINED.

BUETTNER, P.J., concurs, and HANSEN, J., concurs in result.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3. *See* 85 O.S.Supp.1985 § 43(A).

4. Although the refinement of the two-prong awareness doctrine by the Court in *Coy v. Dover Corporation/Norris Division,* 1989 OK 71, 773 P.2d 745, which in that case was applied to determine "the commencement of the statute of limitations in cumulative injury/hearing loss cases," was superseded by 85 O.S.Supp.1985 § 43, the doctrine, as imposed in *Coy,* still appears to be viable. *See PFL Life Insurance Co. v. Franklin,* 1998 OK 32, n. 4, 958 P.2d 156, 165.

5. *Rankin* did not mandate application of the awareness doctrine to determine "date of injury" for determining status as an employee. It involved a question of rate of compensation. However, both parties contend the awareness doctrine applies in this context, differing only on when "awareness" occurred. We are not oblivious of the "Catch 22" which might result from

applying the awareness doctrine to determine the "date of injury" for purposes of coverage as an employee. In *Esmark/Vickers,* the Court applied the awareness doctrine to determine "date of injury" for purposes of the statute of limitations, essentially concluding that Mr. McBride was not "aware" of his injury until after he ceased employment and learned that leaving the noise of the workplace would not alleviate the symptoms he had noticed before. If the awareness doctrine governs "date of injury" for determining whether the claimant is an employee, Mr. McBride should have lost because his "date of injury" was after he quit working and was therefore no longer an employee. We apply the awareness doctrine to determine "date of injury" in this context only because both parties assert that it is the appropriate test, and we *do not consider* whether the awareness doctrine applies as a matter of law.