2003 OK CIV APP 48

**Charles D. WHITESIDE, Petitioner,**

v.

**BRADEN MANUFACTURING LLC, Zurich American Ins. Co., and The Workers' Compensation Court, Respondents.**

**No. 98,632.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

April 25, 2003.

Timothy S. Reese, J. Mike Lawter, Oklahoma City, OK, for Petitioner.

David P. Reid, Kelly J. Greenenough, Tulsa, OK, for Respondents.

Opinion By CAROL M. HANSEN, Judge:

¶1 Petitioner, Charles Whiteside (Claimant), seeks review of a Workers' Compensation Court (WCC) order denying his claim for compensation. Claimant filed his Form 3—Employee's First Notice of Accidental Injury and Claim for Compensation—on November 13, 2001. He claimed cumulative trauma injury to both ears with a date of last exposure of November 2, 2001. The Form 3 also noted employment with Respondent, Braden Manufacturing (Employer) for a period of thirteen years and four months, and that at the time of this latest injury Claimant was a previously impaired person. In its Answer, Employer asserted an affirmative defense of preexisting condition, asserting that hearing loss is "not divisible."

¶2 At trial, Claimant sought permanent partial disability benefits for binaural hearing loss and medical treatment in the form of hearing aids. Employer reiterated its affirmative defense of preexisting condition. Employer argued Claimant had previously settled, by joint petition, a binaural hearing loss claim with Employer and that under Oklahoma law hearing loss claims are not divisible.

¶3 Claimant testified he began working for Employer in 1989. In 1994, he filed a Workers' Compensation claim against Employer for cumulative trauma hearing loss. That claim was settled by joint petition in 1996. He testified he continued to work for Employer and was "continually exposed" to workplace loud noise. He said his hearing was tested by Employer every year and he was told it was getting worse. He filed his most recent claim shortly after being laid off in October 2001.

¶ 4 The trial court denied Claimant's claim for compensation. The court found [1] Claimant's cumulative trauma binaural hearing loss arose beginning when he went to work for Employer, [2] the hearing loss "was concluded by joint petition on FEBRUARY 13, 1996", and [3] Claimant continued to work for Employer with the same noise exposure until the day he last worked there. The trial court concluded that "a cumulative trauma hearing loss is not divisible."

¶ 5 After a three-judge panel of the WCC unanimously affirmed the trial court's order without modification, Claimant sought our review. As his sole proposition of WCC error, Claimant contends that court erred in finding his hearing loss claim indivisible when the statute of limitations is not at issue. The WCC's legal conclusion that cumulative trauma hearing loss claims are not divisible was not fact based, but was made as a matter of law. On questions of law we exercise *de novo* review. *B.E. & K. Const. v. Abbott*, 2002 OK 75, 59 P.3d 38 (footnote 1). Under the *de novo* standard, this Court has "plenary, independent and non-deferential authority to address legal issues." *Id.*

¶ 6 Although the WCC did not cite specific legal authority for its conclusion, the parties agree the court's determination was based on the Oklahoma Supreme Court's holdings in *Prophet v. Vickers*, 1992 OK 85, 833 P.2d 1231, and *Williams Company v. Lawrence*, 1992 OK 3, 824 P.2d 1134. Both cases concern cumulative trauma hearing losses and application of the statute of limitations found at 85 O.S.1991 § 43, both before and after § 43 was amended in 1985 to make the limitations period run from the date of last hazardous exposure and not the date of awareness.

¶ 7 In *Prophet*, the Court noted, "[i]t is not possible to divide a claim by degrees, some which claimant was aware of at the time he learned of his hearing loss and some of which he was not." The *Williams* Court similarly held—"No cases are cited and we know of none which divides a hearing loss claim by degrees of the hearing loss—some of which

the claimant was aware and some not. A hearing loss claim caused by repeated small traumatic episodes or occurrences is not divisible in such a manner, but is one single accident."

¶ 8 In *Southwest United Industries v. Polston*, 1998 OK 78, 964 P.2d 210, the Supreme Court revisited and distinguished *Williams*. In *Polston*, the issue was whether liability for a cumulative trauma injury could be apportioned between successive insurers of a single employer. The employer's insurer there, relying on *Williams*, asserted "disability from a cumulative trauma cannot be apportioned." The *Polston* Court held that it could, finding *Williams* was distinguishable because it dealt only with the claimant's awareness of injury for limitations purposes.

¶ 9 In *Southwest Cupid v. Jackson*, 2000 OK CIV APP 67, 7 P.3d 515, the Court of Civil Appeals adopted the *Polston* Court's rationale limiting *Williams* to questions involving limitation periods. The facts in *Jackson* are very similar to those here. The claimant in *Jackson* began work for the employer in 1996. She filed a claim for cumulative trauma injury to her hands, arms, shoulder and neck in February 1997. She was laid off, but went back to work for the same employer in January 1998. In June 1998, she settled her compensation claim by joint petition. She began experiencing problems again in January 1999, and filed another claim for cumulative trauma injury to her hands, arms, and neck.

¶ 10 As Employer did here, the employer in *Jackson* defended on the grounds that the claimant's January 1999 claim related to and was settled by the June 1998 joint petition, and that the claimant should be treated as if she had only one accident. The Court of Civil Appeals found the employer's reliance on *Williams* unconvincing and held the WCC was "not bound to treat Claimant's post-joint petition aggravation of her condition as a single injury with the previously compensated injury."[1]

---

1. It has long been recognized in this jurisdiction that aggravation of a preexisting condition by subsequent injury, including cumulative trauma injury, is compensable. *ITT Continental Baking Co. v. Ware*, 1980 OK 167, 620 P.2d 1308.

¶ 11 Employer purports to distinguish *Jackson* because the injuries there are not hearing loss. Employer argues, "[h]earing loss is a unique type of injury totally dissimilar to orthopedic injuries." While the injuries may somehow be *medically* distinguishable, Employer cites no *legal* authority for its contention that they should be treated differently under the Workers' Compensation Act. The more important factor is not that the injuries are to different parts of the body, but that they are incurred in the same fashion, *i.e.,* "from employment activities which are repetitive in nature and engaged in over a period of time." 85 O.S.2001 § 3(4).[2]

¶ 12 We find the WCC erred in denying Claimant's request for compensation on the

grounds that, as a matter of law, hearing losses are not divisible. The WCC has made no factual determination whether Claimant's post joint-petition hearing loss, if any, is compensable. The WCC's order is therefore VACATED and this matter is REMANDED to the WCC for such determination.

¶ 13 VACATED AND REMANDED.

JONES, J., and MITCHELL, P.J., concur.

---

**2.** Employer also inaccurately asserted in its Answer Brief that *Jackson* could be distinguished because it dealt with liability for cumulative trauma injuries between successive insurers. That was the issue in *Polston,* but not *Jackson.*