2003 OK CIV APP 71

**Peter TELL, III, Petitioner,**

v.

**CITY OF PERRY, Compsource Oklahoma, and The Workers' Compensation Court, Respondents.**

**No. 98,100.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Aug. 5, 2003.

Walt Brune, Walt Brune, P.C., Fred L. Boettcher, Boettcher Law Offices, Inc., Ponca City, OK, for Petitioner.

Michael D. Gilliard, James B. Cassody, McGivern, Gilliard & Curthoys, Tulsa, OK, for Respondents.

Opinion by JERRY L. GOODMAN, Presiding Judge.

¶1 This is a proceeding to review an order of a Workers' Compensation Court three-judge panel affirming a trial court order denying a claim for additional hearing loss after the claimant had previously entered a joint petition settlement of a claim for hearing loss. The issue presented by the parties is whether a claim for hearing loss is divisible. Based upon our review of the record and applicable law, we hold the claim is divisible, vacate the order under review, and remand for further proceedings.

## I

¶2 On September 15, 1997, claimant Peter Tell, III, settled by joint petition a claim for 11 percent binaural hearing loss he sustained during the course and scope of his employment as a firefighter for the City of Perry. On March 19, 2001, the claimant filed a Form 3 alleging he had "[a]ggravated previous [hearing] injury by repetitive exposure to sirens and engines." He sought permanent partial disability benefits and continuing medical treatment in the form of hearing aids.

¶3 The trial court held a hearing on the matter July 5, 2001. In an order filed February 27, 2002, the court denied the claim, stating in part:

### –2.–

THAT in 1996 claimant filed a claim for Binaural hearing loss against the City of Perry. This claim was settled by Joint Petition on September 15, 1997 for 11% to the ears.

### –3.–

THAT claimant through the present claim seeks to obtain compensation from the same employer for additional hearing loss. In effect claimant is asking this Court to determine that hearing loss is a divisible injury and to award increased disability against the same employer.

### –4.–

THAT the Supreme Court in the case of *Williams Company v. Lawrence*, 1992 OK 3, 824 P.2d 1134 and reiterated in the case of *Prophet v. Vickers*, 1992 OK 85, 833 P.2d 1231 was held [*sic*] that hearing loss is not divisible. The Court in *Williams* stated at page 1136 of its opinion: "A hearing loss claim caused by repeated small traumatic episodes or occurrences is not divisible in such a manner, but is one single accident."

### –5.–

THAT in view of these authorities this Court concludes that claimant may not seek to divide his hearing loss between pre–1997 exposures and post–1997 exposures; particularly where the small traumatic episodes or occurrences are from the same exposures (sirens and engine noises) while working for the same employer. There is but one single claim for hearing loss and claimant has been previously compensated for this.

### –6.–

THAT it is therefore the order of this Court that claimant's claim for compensation benefits be *DENIED.*

¶4 The claimant appealed to a three-judge panel which affirmed the order. The claimant seeks our review.

## II

¶5 The claimant argues that the Workers' Compensation Court erred when it denied his claim based upon a finding that a hearing loss claim was not divisible. In his appellate brief the claimant "seeks [a] good faith change in the law based upon the incongruous application of hearing loss under the cases of *Williams Company v. Lawrence*, 1992 OK 3, 824 P.2d 1134 and *Prophet v. Vickers*, 1992 OK 85, 833 P.2d 1231."

¶6 In its answer brief, the employer contends that "[c]laimant's hearing loss claim is *res judicata* as there is identity of the par-

ties, identity of the subject matter of the actions, and identity of the causes of action." The claimant responded in his reply brief, stating:

> Given the argument as set forth in [the employer's] Answer Brief, if [the claimant] had, after his joint petition settlement for hearing loss in 1997, been involved in an explosion and had lost all of his hearing as a result of that explosion, a subsequent employer would not be liable for any of his hearing loss because hearing loss is an indivisible injury.

¶ 7 We agree with the claimant that the three-judge panel erred as a matter of law when it affirmed the trial court's denial of the claimant's claim for additional hearing loss. The Court of Civil Appeals, in *Whiteside v. Braden Manufacturing LLC*, 2003 OK CIV APP 48, 70 P.3d 890, recently addressed this very issue. In *Whiteside*, the claimant had a previous claim for hearing loss, which was settled by joint petition. He subsequently suffered additional hearing loss, but was denied compensation because the trial court held an injury for hearing loss was indivisible, citing *Williams Company* and *Prophet*.

¶ 8 On appeal, the *Whiteside* court correctly distinguished *Williams* and *Prophet*[1] and found that the trial court was not bound to treat the claimant's post-joint petition aggravation of her condition as a single injury with the previously compensated injury. *Id.* at ¶ 10, 70 P.3d at 891. The court went on to hold that the trial court "erred in denying Claimant's request for compensation on the grounds that, as a matter of law, hearing losses are not divisible." *Id.* at ¶ 12, 70 P.3d at 892. Because the facts in *Whiteside* and the facts in the case under review are very similar, we adopt the reasoning of the *Whiteside* court.

¶ 9 We therefore hold that the trial court erred as a matter of law in denying the claimant's claim for additional hearing loss after the claimant had previously entered a joint petition settlement of an earlier claim of hearing loss. The order of the three judge-panel is vacated and the matter remanded to the trial court for further proceedings.

¶ 10 VACATED AND REMANDED FOR FURTHER PROCEEDINGS.

REIF, J., and RAPP, J., concur.

---

1. *Williams Company* and *Prophet* involved claims arising under the awareness doctrine, and prohibited dividing a hearing loss into pre-awareness loss and post-awareness loss to avoid the statute of limitations.